Nov. Term, 1860.

SHUMAN
v.
GAVIN.

---

### SHUMAN *v.* GAVIN.

Proceedings to quiet the title to real estate. Judgment, that the plaintiff be quieted and set at rest in his title, and that the defendant be enjoined from setting up any title thereto. Motion for a new trial, for cause shown, overruled. Afterward, and within one year, the defendant filed his complaint, or written motion, to have said judgment vacated and a new trial granted to 'him, as of right, and without cause shown.

Nov. Term,
**1860.**

SHUMAN
v.
GAVIN.

*Held,* that a new trial can be claimed, as a matter of right, in suits for the quieting of title, as well as in those for the recovery of the possession of real estate.

*Held,* also, that the pleadings in the original cause need not be set out in the application for a new trial. It is enough if the judgment appear to be such a one as the statute contemplates.

*Held,* also, that a motion for a new trial, upon cause shown, does not impair the right of a party to demand a new trial without cause.

*Held,* also, that it is not necessary for a party asking a new trial without cause to show, in his application, that one new trial has not already been granted under the statute. If such new trial has been granted, it is matter of defense to the application.

*Wednesday,*
*November 28.*

APPEAL from the *Decatur* Circuit Court.

WORDEN, J.—At the *Spring* term, 1859, of the Court below, *Shuman* filed his complaint, or written motion, to vacate a judgment and grant a new trial; stating, in substance, that at the *Fall* term, 1858, of the same Court, the following entitled cause was pending in said Court, viz:

"*James. Gavin*
    v.                } Complaint to quiet title to real estate."
*L. Woldridge* and
*Jacob Shuman,*

That the cause came on for trial at that term, and a judgment was rendered, against the said *Shuman,* for all the costs of said suit; and confirming the title to the real estate in controversy, in said suit, to said *Gavin* and against said *Shuman.* A copy of the entry, on the order-book, showing the trial and judgment, is set out; whereby it appears that the cause was tried by the Court, and that the Court found, "that the said *James Gavin,* plaintiff herein, is the owner, in fee simple, and entitled to the possession of the following real estate, (describing it); and the Court do further find, that the said defendant, *Jacob Shuman,* is not the owner of, nor entitled to, any interest or claim therein, of any kind or nature; and the Court further find and decree, that the title of the said *James Gavin* in, to, and over the said real estate, be quieted and forever set at rest; and that the said *Jacob Shuman* be forever enjoined from setting up any title, interest, or claim therein of any kind or nature whatever, in opposition to the

title of the said *James Gavin*." The complaint further alleges, that said *Shuman* is the owner of the land mentioned, and has been in possession thereof for fourteen years, holding the same by virtue of a deed from one *Nathaniel Robbins*. "He, therefore, moves the Court to set aside and vacate said judgment and decree, and grant a new trial of said cause, upon the payment of all costs accrued in said action, which costs he brings into Court," &c.

To this complaint a demurrer was filed and sustained by the Court, and an exception was properly taken to the ruling.

*Shuman* appeals, and assigns, for error, the ruling of the Court on the demurrer.

The appellee claims that the complaint, viewed as a peremptory application for a new trial, is deficient in these particulars, which will be noticed in their order: First. It does not appear, by proper averments, that the case is one of that class contemplated by § 601 of the code. If this section were the only one to be considered, in determining the question before us, this objection would seem to be well taken; but there are others that must be examined in connection with it. Sec. 592 provides for the recovery of the possession of real estate. Then follow several sections regulating the action. Sec. 601 provides for vacating the judgment and granting a new trial, without special cause, on payment of costs, &c., at any time within a year from the rendition of judgment. This section, taken by itself, applies only to actions for the recovery of the possession of real estate, and does not apply to the case at bar. Then follow several other sections, in reference to the general subject of the recovery of possession. Then two other sections, in the following terms:

SEC. 611. "An action may be brought by any person, either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to, or interest in, real property adverse to him, (although the defendant may not be in possession thereof), for the purpose of determining the question of title.

SEC. 612. "The rules, above prescribed, shall, in such cases, be observed, as far as they are applicable."

One of the "rules, above prescribed," is the one requiring a new trial; and we are unable to perceive any good reason why it is not applicable. Under these provisions we think a new trial can be claimed, as a matter of right, in suits for the quieting of title, as well as in those for the recovery of the possession of real estate.

The complaint before us does not set forth the pleadings in the action in which a new trial is sought, nor state their substance; but it sets forth the judgment, which is, in a case like the present, abundantly sufficient. Perhaps we should presume that the complaint, in the original action, set up facts which authorized and prayed the relief which was obtained; but, on the supposition that it did not, we do not perceive that that circumstance would deprive the party of the right to a new trial: the judgment rendered being such a one as is to be set aside and a new trial granted, on proper application, within the time limited.

The second objection is, that the record shows that *Shuman* once moved for a new trial, which was refused.

The portion of the record set out shows, that, after the finding of the Court, *Shuman* moved for a new trial, for reasons then filed. The reasons are not set out; but it appears that the application was made for cause attempted to be shown, and not without cause. A motion for a new trial, on cause shown, is a very different thing from such application made without assigning reasons, under the statute entitling a party to such new trial without showing cause. The one might be, very properly, overruled, while it would be the imperative duty of the Court to grant the other.

The last objection is, that it does not appear when the original cause was commenced; what was the nature of the complaint; what proceedings were had, upon the complaint, prior to judgment; nor how often the cause was tried, or how many new trials had already been granted to *Shuman* before the final judgment set out in the complaint.

We do not see that it is material when the cause was commenced. It appears that the application for a new trial was made within the year after the judgment was rendered, and that, it seems to us, is all that is necessary in this respect.

What we have already said disposes of the objection, that the nature of the original complaint does not appear: nor do we think it necessary that it be shown what proceedings were had, upon the complaint, before trial and judgment. As a matter of pleading, we do not think *Shuman* was required to aver that no new trial had been granted under the provisions of the statute. The record, so far as it is set out, shows none; and, if such new trial had already been granted, it was matter of defense to the application, which should have been shown on the other side.

We are of opinion, that the objections to the complaint are not well taken, and that the demurrer thereto should have been overruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*P. Wicks* and *R. Robbins*, for appellant.

*Oscar B. Hord*, for appellee.