## SHUCRAFT and Another *v.* DAVIDSON.

In an action to vest and quiet title to real estate in the plaintiff, if judgment goes against him below, he is entitled, on payment of the costs, to a new trial, as a matter of right, under the statute.

APPEAL from the *Wayne* Circuit Court.

*Per Curiam.*—This was a suit by the sole heir of *John Evans* and her husband, to establish the title of said heir to a certain piece of land, by descent, from her father. The land was in possession of *Davidson*, under claim of title, by deed, from the ancestor of the heir in question. The heir sets up, that *Davidson* obtained the deed for the land from the ancestor, without any consideration, when he was not *compos mentis*, and hence, was incapable of making a

deed; and the complaint prays, that the title to said land may be adjudged to be in the heir by descent, and possession given.

Trial of the issue upon the complaint, judgment for the defendant.

The Court below refused to give the plaintiffs a new trial, as matter of right, upon payment of costs.

This was not a suit for specific performance of a contract. *Allen* v. *Davison*, 16 Ind. 416. Such a suit is not based on disputed title.

It was not a suit by creditors to set aside a fraudulent conveyance, in order to show title in their debtor, subject to execution.

It was a suit in which the party complainant, by virtue of the judgment in the suit, sought to vest or quiet title to real estate in herself. It seems to be exactly the case of *Sherman* v. *Gaines*, 15 Ind. 93. The question of fraudulent deed could be tried in ejectment, under the old practice. Ind. Dig., p. 62.

Reversed, costs, remanded, etc., with instructions to give a new trial on payment of costs.