## Zimmerman *v* Marchland.

Costs.—In all civil cases, the party recovering judgment shall recover costs, except in those cases where a different provision is made by statute. Page 475.

Evidence.—The declarations of a party to a suit, made when the other party is not present, are not competent evidence in his own behalf. Page 476.

Same—Intention.—Intention can only be shown by circumstances from which it may be inferred. It is not competent for a party to testify as to his own intention during a transaction, to show that a conveyance is not a mortgage, but a deed. Page 476.

Landlord and Tenant—Estoppel.—The law requires that while the tenant holds by permission of the landlord, he shall not question the title of the latter; but after surrendering the possession, he is at full liberty to assert the truth. Page 476.

Complaint.—The complaint alleges that the conveyance was given to secure a loan of money, payable in a year; that a part of the sum secured was usurious interest; that after the debt became due, the defendant claimed absolute ownership of the land, and denied the plaintiff's right to redeem. *Held*, that these allegations are sufficient to warrant plaintiff in going into court to quiet his title. Page 477.

New Trial.—The statute, sections 601–602, 2 G. & H. 283, does not require a motion for new trial in an action to recover the possession of real property to be in writing, and yet it would probably be better to require all such motions to be in writing. Page 477.

Same—Action to Quiet Title.—In actions to quiet title, the rules prescribed for actions to recover the possession of real property shall be observed so far as they are applicable; and one of these rules is, that a party shall have a new trial, without showing cause, upon his application, and upon the payment of all costs, and the damages, if the court shall so direct. Page 477.

Same—Costs.—The statute, 2 G. & H. 283, sec. 601, which gives the right to a new trial in actions to recover the possession of real property without showing cause, does so upon the inflexible condition of the payment of all costs, and the Circuit Court has no discretionary power to dispense with this condition without the consent of the adverse party. Page 478.

Same.—The statute contemplates that the payment of the costs on a motion for new trial, under sec. 601, 2 G. & H. 283, shall be final, and the court has no power to order that the party against whom the suit is finally determined shall be liable for the amount. Page 479.

APPEAL from the *Wells* Circuit Court.

Frazer, J.—Action by the appellee against the appellant to have a deed, absolute on its face, adjudged to be a

mortgage, to settle the amount due thereon, and to redeem. The suit was begun in the *Adams* Circuit Court, where there was a trial and verdict for the defendant, upon the issue formed by a general denial. Motion for a new trial for cause overruled, and judgment on the verdict. Then, on application of the plaintiff, the judgment was set aside, and a new trial granted as a matter of right, under sections 601 and 612 of the code, without the payment of costs; the appellant insisting upon such payment as a condition precedent to the new trial, and urging the non-payment as an objection to allowing the application; but his objection was overruled, and it was ordered that the costs abide the event of the suit. The cause then went to the *Wells* Circuit Court by change of venue, where a second trial resulted in a verdict and judgment for the plaintiff, from which this appeal is taken. The judgment was merely that the deed was made to secure a loan of money, and is a mortgage; declared the date and amount of the loan; and allowed certain credits, and for costs.

1. It is claimed that the judgment for costs was error. We can not so hold without disregarding a plain statute which enacts that "in all civil actions the party recovering judgment shall recover costs, except in those cases where a different provision is made." 2 G. & H. 225.

2. That the finding was contrary to the evidence. Here the appellee meets us with the suggestion that, under the old 30th rule of this court, we can not regard the evidence as being in the record; the language of the bill of exceptions being, "this was all the evidence given in the *said* cause." We entertain a different opinion, and have mentioned some reasons therefor in *Coffin* v. *McClure*, at this term. We have accordingly looked into the evidence, and find it very contradictory. Meaning to express no opinion as to its weight, we are satisfied that we can not disturb the finding upon the ground proposed, without disregarding the sound and well known princi-

ples by which appellate courts are governed. Nor could we in this case, if the finding had been the other way.

3. The appellant offered evidence of what he stated to a third person (the appellee not being present) while the negotiations were pending. It is too plain for controversy that the court below did right in rejecting this evidence.

4. The court refused to permit the appellant to testify "that it was his intention and understanding, during the transaction, that he was buying the lands, and not loaning money." There was no error in this. It is very true, as is argued on behalf of the appellant, that the intention of the parties is the very question in dispute. But it has always been the law, that that intention could be shown only by the circumstances which occurred, and from which it might be inferred. This was a rule resulting from necessity, it is true, when the parties were not competent witnesses. But it was, nevertheless, a well-settled rule. Ought it to be changed, now that the parties are permitted to swear? We think not. But it is enough that it has not been changed.

5. With the general denial, the defendant filed a paragraph of answer, alleging that the plaintiff, a short time after making the deed, took from the defendant a lease of the land in controversy, for the period of one year. To this paragraph a demurrer was sustained; and this is assigned for error.

It is contended that the matter pleaded constituted an *estoppel.* We do not perceive why. The general principle that a tenant shall not dispute the title of his landlord, has no application to the question. The time had ceased, and the plaintiff was out of possession when he brought this suit. *Smart* v. *Smith,* 2 Dev. 258; *Greene* v. *Munson,* 9 Vt. 37. The rule simply requires that while the tenant holds, by permission of the landlord, he shall not question the title of the latter; but after surrendering the possession, he is at full liberty to assert the truth. *Accidental, etc. Insurance Company* v. *Makensie,* 10 C. B., N. S. 870;

*Page* v. *Kinsman,* 43 N. H. 331; *Carpenter* v. *Thompson,* 3 N. H. 204.

But it is urged that the complaint was bad for not alleging an offer to redeem, and refusal by the defendant to permit redemption. The complaint alleges that the deed was given to secure a loan of money payable in a year; that a part of the sum secured was usurious interest; that after the debt became due, the defendant claimed the absolute ownership of the land, and denied the plaintiff's right to redeem. These allegations make a case against the defendant, which fully warranted the plaintiff in going into court to quiet his title to the equity of redemption; and if he wished by the same suit to redeem, we are not sure that the fraudulent conduct of the defendant in claiming absolute title, as alleged, would not excuse an offer to redeem; but that question is not now decided.

The setting aside of the first judgment, and granting the new trial, is claimed to be erroneous on several grounds. *First,* because the motion was not in writing. But the statute does not so require, and besides, the failure to put it in writing could not injure the defendant. And yet it would probably be better to require all such motions to be in writing. *Secondly,* it is objected that the case was not of the character justifying a new trial as a matter of right under the statute. It has been seen already that one object of the suit was to determine and quiet the plaintiff's title to the equity of redemption. This right had been disputed by the defendant, and a claim set up by him which was adverse to it. By his pleadings he verifies the averments of the complaint to that effect. The only issue made or tendered by him is upon that subject. The question constitutes the principal subject of the litigation; it did not arise incidentally; it was not a matter which might or might not come in issue in the progress of the suit; but it stood in the front, and the plaintiff, if he failed on that question, could take nothing by his action. In such a case it is enacted, by the 612th section of the code, that the

rules prescribed in actions to recover the possession of real property shall be observed as far as they are applicable. One of those rules is, that a party may have one new trial without showing cause upon his application, " and upon the payment of all costs, and of the damages, if the court so direct." Sec. 601. It is not possible to avoid the conclusion that the plaintiff was entitled to a new trial upon the terms imposed by the statute.

*Thirdly.* But the new trial was granted without the payment of costs, and an order made that they should abide the event of the suit, and this over the objection of the defendant, specifically made upon the ground of the non-payment of costs. It is not within our power to fail to see error in this, and we regret somewhat to reverse this particular case on this point, in view of some features disclosed in the evidence. But the statute which gives the right to the new trial, does so upon the inflexible condition of the payment of all costs, and the Circuit Court had no discretionary power to dispense with this condition without the consent of the defendant. It was only by virtue of the statute that the party was entitled to the new trial; and, failing to comply with the condition, the right could not be claimed, but was lost. The object of the statute is evidently to induce each party on the first trial fairly to reveal his grounds of action or defense, that his antagonist may not, in the end, be taken by surprise. Justice and fair play are thus sought to be secured.

It is argued, on behalf of the appellee, that, for aught that appears in the record, the plaintiff may have previously paid his own costs, and that it does not appear that the defendant had made any, and that if, in any state of facts, the action of the court below could have been correct, it will be presumed here that that state of facts existed, unless the record shows otherwise. But we know from the record that the defendant had made costs. He entered an appearance; demurred to the complaint; filed several bills of exceptions; moved to strike out a portion of the com-

plaint; filed an answer. Each of these steps created taxable costs, and if we assume that the plaintiff had actually paid these, as well as his own costs, still the statute contemplates that such payment shall be final, and there was no authority to order, as was done, that the defendant should be liable for the amount in the event that the suit should finally be determined in the plaintiff's favor.

It results that all proceedings subsequent to the rendition of the judgment on the first verdict must be set aside.

Judgment reversed, with costs; cause remanded to the *Wells* Circuit Court, with directions to set aside all its proceedings in the cause, and then transmit the papers back to the *Adams* Circuit Court; the latter court to set aside all its proceedings in the cause subsequent to its judgment upon the verdict.

*David Studabaker* and *McDonald & Roache*, for appellant.
*L. M. Ninde* and *R. S. Taylor*, for appellee.