Truitt *et ux. v.* Truitt.

## TRUITT ET UX. *v.* TRUITT.

REAL ESTATE, RECOVERY OF.—*Fraudulent Conveyance.*—*Dismissal.*— *New Trial, as of Right.*—*Demand of Judgment.*—*Reasons for New Trial.*—A. purchased from the State a piece of land and received a certificate from the sinking fund commissioners, entitling him to a deed at the end of five years, on payment of interest yearly in advance, and the principal of the purchase-money at that date. A. assigned said certificate of purchase to B., executing and acknowledging an instrument reciting the assignment, and that he had also executed a note for a certain sum to B., payable in two years, and upon failure to pay the same at maturity, the title to the land described in the certificate was to vest in B. and become absolute. A. was to pay all taxes and the interest on the sum due the sinking fund. A. neglected to pay the interest, and the land was again sold by the sinking fund commissioners, and purchased, and a deed taken to A.'s wife, who had full knowledge of all the facts. B. filed a complaint against A. and wife. The first two paragraphs were to have the conveyance to the wife set aside as fraudulent and the lien enforced; the third paragraph was to quiet the plaintiff's title to the land; and the fourth was for its recovery. After the evidence was concluded and the charge of the court given to the jury, but before they retired, the plaintiff dismissed as to the third and fourth paragraphs of the complaint. The finding was for the plaintiff.

*Held,* that the facts stated constituted a cause of action.

*Held,* also, that the plaintiff had a right to dismiss as to any paragraphs.

*Held,* also, that the defendant was not entitled to a new trial as a matter of right. Such new trial may be claimed in actions for quieting title, or for the recovery of real estate, but cannot be demanded in a trial to set aside a conveyance as fraudulent and subject the property to sale or in an action for the specific performance of a contract regarding real estate.

*Held,* also, that the prayer for relief under all the paragraphs could not enlarge the allegations of the complaint as left to the jury, and the court would grant the proper remedy.

*Held,* also, that the reasons for a new trial urged in this court must correspond with the causes stated below.

*Held,* also, that the reasons for a new trial, that the court erred "in admitting evidence improperly, which was objected to by the defendants at the time," and "in refusing evidence offered by defendants, which was excepted to at the time," were too general.

APPEAL from the Delaware Circuit Court.

BUSKIRK, J.—The facts necessary to a proper understanding of the questions of law involved in this case, are as follows: That Silas Colgrove and Eleazer Coffeen, on the 23d day of November, 1857, purchased from the State of Indiana,

a tract of land situated in Delaware county, containing two hundred and forty acres, and received from the President of the Sinking Fund Board a certificate, which entitled the holder to an absolute conveyance at the expiration of five years, on the conditions that the interest on the purchase-money was paid annually, and the principal at the expiration of five years from the date of purchase. It was also provided, that upon failure to pay any instalment of interest or the principal, when due, the said land should be forfeited to the State, and again become subject to sale; that the said Colgrove and Coffeen, on the 15th day of January, 1858, for a valuable consideration, by an indorsement in writing, assigned and transferred to the appellant, Joshua Truitt, the said certificate of purchase, and placed him in possession of the said tract of land, who assumed the payment of the interest and principal due the State; that on the 28th day of August, 1863, the said Joshua Truitt assigned and transferred to Minor Truitt, the said certificate of purchase, as security for certain indebtedness, described in the assignment; that on the first day of January, 1866, the said Joshua, made, acknowledged, and delivered to the said Minor the following instrument:

"The foregoing assignment, made August 28th, 1863, is this day cancelled, and, in lieu thereof, this agreement is substituted. Joshua Truitt has, this day, executed to the said Minor Truitt, his note for twenty-four hundred dollars, due two years after date, waiving valuation laws, and I, the said Joshua Truitt, hereby assign to the said Minor Truitt, the certificate of purchase hereto attached, and all my interest and estate in the land therein mentioned, as security for the payment of said note; and it is hereby expressly agreed, that, if said note shall not be paid, on, or before the day of its maturity, then, and in that case, this assignment shall be and become absolute, and said land irredeemable by me, and on and after said day, said purchase shall absolutely vest in said Minor Truitt, and said note shall be cancelled and delivered to me.

"It is further agreed, that said Joshua Truitt shall be privileged at any time within two years from this date to make valuable and permanent improvements upon said land, not exceeding in value the sum of five hundred dollars; and the said Joshua Truitt hereby further agrees to pay all interest in said purchase, named in said certificate, and all taxes which may become due upon said land within two years from this date."

That the said Joshua failed to pay his note to Minor, on maturity, and failed and neglected to pay the interest when it became due to the State of Indiana, on the said purchase, and by reason of such failure, the said land was and became forfeited to the State, and the title thereto was reinvested in the said State; that on the 10th day of December, 1867, the State of Indiana again offered the said land for sale at public auction, when the same was purchased by and in the name of Annie A. Truitt, the wife of Joshua Truitt, who received a certificate of purchase therefor, and on the 10th day of February, 1868, received from the State of Indiana a deed for the said tract of land; that it was alleged in the complaint that the said Joshua Truitt and Annie A. Truitt combined and confederated together, for the fraudulent purpose of depriving the said Minor Truitt of his lien on the said tract of land, and in pursuance of such fraudulent purpose, the said Joshua purposely failed, and omitted to pay the interest on the said purchase, so as to cause a forfeiture of said land to the State; that after the same had become forfeited he caused the officers of the Sinking Fund to offer the same for sale at public auction, when the same was purchased in the name of his wife, for the fraudulent purpose of cheating and defrauding the said Minor Truitt; that the said Annie A. Truitt, with full knowledge of all the rights and equities of the said Minor, took the said conveyance in her name, and now, in fraud of his rights, claims to be the absolute owner of said lands; and that the said Joshua Truitt falsely and fraudulently represented to the said Minor Truitt, that the interest on the said lands was paid, and by reason

of such false and fraudulent representation the said Minor Truitt was kept in ignorance of the non-payment of said interest, the forfeiture of said land to the State, and the resale thereof to the said Annie A. Truitt, until after the said Annie had received a deed from the State of Indiana.

The complaint was in four paragraphs. The first and second were in substance the same, and each was based upon the theory that Minor Truitt held a lien or mortgage on the said tract of land, to secure the payment of the money due him on the said note.

The third contained substantially the same facts as the first and second, but it was based on the theory that when the said Joshua failed to pay the said note at its maturity, the said assignment ceased to operate as a mortgage, but became an absolute conveyance, and vested the fee simple title in the said Minor Truitt.

The fourth paragraph alleged that Minor Truitt was the absolute owner in fee of said tract of land, and was entitled to the immediate possession thereof, and that the defendants wrongfully and unlawfully kept him out of the possession of said land.

The appellants demurred generally and separately to each paragraph of the complaint. The demurrers were overruled and the appellants excepted. The appellants then answered by the general denial. The cause was tried by a jury. After the evidence was closed, argument had, and the jury charged, but before they had retired from the presence of the court to consider of their verdict, the plaintiff dismissed the third and fourth paragraphs of the complaint. There was no separate prayer to the several paragraphs of the complaint. The general prayer at the close of the fourth paragraph was as follows:

"Wherefore, plaintiff demands judgment that the title to said real estate be conveyed to him by the said Joshua and Annie A. Truitt, and that the same be quieted in him forever, and for possession thereof; or, if that shall be impracticable, then for judgment that said premises be sold to pay

and satisfy said debt of twenty-four hundred dollars, with interest; and for other and further relief."

The jury returned a general verdict for the plaintiff on the first and second paragraphs of the complaint, and found answers to special interrogatories submitted by the court.

The court overruled a motion for a new trial, and rendered judgment on the verdict.

The appellants have assigned a large number of errors, but they should all be reduced to three, and are, first, the court erred in overruling the demurrer to the several paragraphs of the complaint; second, the court erred in overruling the motion for a new trial as a matter of right; third, the court erred in overruling the motion for a new trial for reasons assigned.

The learned counsel for the appellants have failed to point out any objection to the complaint. Since the dismissal of the third and fourth paragraphs, we are only required to determine as to the sufficiency of the first and second paragraphs of the complaint. We have examined these paragraphs and entertain no doubt that they are good. We are clearly of the opinion that the court committed no error in overruling the demurrer to the first and second paragraphs of the complaint.

The second error assigned is based upon the refusal of the court to award a new trial as a matter of right. Section 601 of article 29 of the code which relates to actions to recover the possession of real property, and to determine conflicting claims thereto, reads as follows:

"Sec. 601. The court rendering the judgment, at any time within one year thereafter, upon the application of the party against whom judgment is rendered, his heirs or assigns or representatives, and upon the payment of all costs, and of the damages, if the court so direct, shall vacate the judgment and grant a new trial. The court shall grant but one trial, unless for good cause shown." 2 G. & H. 283.

This court has very frequently been required to place a construction upon the above section of the code. There was

never any doubt that the losing party in a possessory action was entitled, upon the payment of all costs, to demand, as a matter of right, one new trial; and that, in such a case, the court had no discretion, but was bound to grant it.

It is now well settled that a new trial may be demanded as a matter of right in suits for quieting title as well as those for the recovery of the possession of. real estate. *Ewing* v. *Gray*, 12 Ind. 64; *Shuman* v. *Gavin*, 15 Ind. 93; *Galletley* v. *Williams*, 15 Ind. 468; *Wills* v. *Dillinger*, 17 Ind. 253; *Shucraft* v. *Davidson*, 19 Ind. 98; *Zimmerman* v. *Marchland*, 23 Ind. 474.

It is well settled that a new trial cannot be claimed as a matter of right, in an action for a specific performance of a contract in reference to real estate. *Benner* v. *Benner*, 10 Ind. 256; *Perry* v. *Ensley*, 10 Ind. 378; *Allen* v. *Davison*, 16 Ind. 416; *Walker* v. *Cox*, 25 Ind. 271.

The losing party cannot claim, as a matter of right, a new trial in an action to set aside a conveyance as fraudulent, and to subject the same to sale upon execution. *Perry* v. *Ensley*, 10 Ind. 378.

It is, therefore, necessary for us to determine the precise character of the action in the case under consideration. The object and scope of the first and second paragraphs of the complaint were to set aside as fraudulent the conveyance to Mrs. Truitt, and to enforce a lien upon the land. The purpose of the third paragraph was to quiet the plaintiff's title to the land in dispute. The fourth paragraph sought to recover the possession of the land.

The appellants were not entitled to a new trial, as a matter of right, upon the causes of action set out in the first and second paragraphs; but they were so entitled under the third and fourth paragraphs of the complaint, if the plaintiff had not dismissed as to them. But it is maintained by the counsel for the appellants, that the plaintiff had no right to dismiss the causes of action set out in the said paragraphs, at the time and in the manner it was done. We are of the opinion that the plaintiff had the undoubted right to dismiss

the whole or any part of his cause of action before the jury retired; and that when the third and fourth paragraphs were dismissed, the complaint stood as though they had never constituted a part thereof. It is not a question of amendment of pleading, but of the dismissal of causes of action. This right is given by statute. See sec. 363, 2 G. & H. 216.

It is also claimed that the complaint was left without any prayer for the relief, or that the entire prayer was left when the third and fourth paragraphs were dismissed; and that if the latter proposition is correct, there was a prayer to quiet the title and to recover the possession of the land, and that this gave the appellants the right to a new trial, as of right. We think otherwise. The prayer of the complaint cannot enlarge its allegations. *Board of Commissioners of Lagrange Co.* v. *Cutler,* 7 Ind. 6.

The court may grant any relief, consistent with the case made in the complaint and involved in the issue, without regard to the prayer of the complaint. *Mandlove* v. *Lewis,* 9 Ind. 194; *Resor* v. *Resor,* 9 Ind. 347.

We are of the opinion that the appellants were not entitled to a new trial as of right, under section 601 of the code, and that the court committed no error in overruling the motion therefor.

The third error assigned involves an examination of the reasons assigned for a new trial.

The first is, that the court erred in admitting the evidence of Joshua Truitt, the husband of Annie A. Truitt, over objection of appellants. It appears from the record that Joshua Truitt was not examined as a witness.

The second is, that the court erred in the instructions given. We have examined the instructions given, and are of the opinion that the appellants have no right to complain, as they are quite as favorable to them as the law would allow.

The third reason is the refusal of the court to give to the jury the eighth instruction, as asked by appellants. That instruction is based upon the supposed action of the court in

permitting Joshua Truitt to testify in the case, when his wife was a party.   The instruction was correctly refused, if for no other reason, because Joshua did not testify as a witness, and the instruction asked was therefore inapplicable to the facts of the case.

The fourth reason for a new trial was based upon the alleged error of the court in permitting the plaintiff to dismiss the third and fourth paragraphs of the complaint.   We have already seen that there was no error in that action of the court.

The fifth cause for a new trial was that the court erred in submitting to the jury certain interrogatories, without submitting them to the counsel for appellants for examination and objection;  and we are referred to the case of *Ollam* v. *Shaw*, 27 Ind. 388.

The point is thus presented in the bill of exceptions: "At the plaintiff's instance the court submitted to the jury these interrogatories, which were not submitted to the examination of the court until at the close of the charges, to which the defendants had no opportunity to object; to which course the defendants also excepted at the time."

It is quite clear to us, from the above authority and many other decisions of this court, that the court below would have been justified in refusing to submit the interrogatories, for the reason that they were submitted too late; but as the court gave them, we can see no error in so doing.   The reason for a new trial and the objection, as stated in the bill of exceptions, do not agree.   It is urged in argument here, as a reason why a new trial should have been granted, that the appellants had no opportunity to examine the interrogatories; while the objection stated in the bill of exceptions is that the defendants had no opportunity to object.   The two propositions are very different.   It does not appear that the appellants asked for time to examine the interrogatories.   If this had been done, and refused, the appellants would have had just cause to complain of the action of the court.   But we are unable to see how the appellants were injured by the

submission of the interrogatories to the jury, as no use was made or sought to be made of them, after they were answered, by either of the parties. No motion was made in reference to them, nor was any action of the court based on them. They neither benefited the plaintiff, nor injured the defendants. See *Maxwell* v. *Boyne*, 36 Ind. 120.

The sixth reason for a new trial was, that "the verdict is not sustained by sufficient evidence." We think otherwise. We have examined the evidence, and are clearly of the opinion that the verdict was fully sustained by the evidence.

The seventh and eighth reasons for a new trial were as follows: "seventh, in admitting evidence improperly, which was objected to by the defendants at the time; eighth, in refusing evidence offered by defendants, which was excepted to at the time."

The above reasons were too general. They fail to point out what evidence was admitted or refused. Neither the court below nor this court can understand what evidence was improperly admitted or excluded.

We have not considered one question that has been very ably discussed by the learned counsel for the appellants, for the reason that we are of the opinion that it does not arise in the record. The point discussed is, that the court admitted the admissions and declarations of Joshua Truitt in evidence over the objection and exception of the appellants.

The first reason for a new trial is as follows: "first, the court erred in admitting the evidence of Joshua Truitt over objections of defendants at the time, he being the husband of Annie Truitt."

The first error assigned is as follows: "first, in allowing the statements of Joshua Truitt, made out of court, to be given to the jury over objections." There is a wide and marked difference between the reason assigned for a new trial and the error assigned. The counsel have discussed the error assigned, but as the matter embraced therein was not called to the attention of the court below, it cannot be considered here. Great injustice might be done to the court

below and the other party by deciding a question that the lower court had no opportunity to review and correct.

We are of 'the opinion that .the court committed no error in overruling the 'motion for a new trial on the reasons assigned.

The judgment is affirmed, with costs.

*T. J. Sample* and *J. W. Sansberry*, for appellants.

*C. E. Shipley*, *W. March*, and *W. Brotherton*, for appellee.