## SHULAR v. SHULAR.

NEW TRIAL.—*As of Right.*—*Fraudulent Conveyance.*—*Action to Set Aside, and to Enforce Lien.*—*Foreclosure.*—An action to set aside an alleged fraudulent conveyance of land, executed or suffered by one defendant to another, and to subject it to the lien of a judgment for the payment of money, which is sought to be obtained against the former, in the same proceeding, or an action to foreclose a mortgage, is not an action so involving the title to real estate as to entitle the latter defendant to a new trial, as of right, upon the payment of costs.

From the Parke Circuit Court.

*S. F. Maxwell* and *S. D. Puett*, for appellant.

*P. S. Kennedy* and *W. T. Brush*, for appellee.

NIBLACK, J.—This was an action by Andrew Shular, against William F. Shular and Louisa C. Shular his wife.

The complaint was in three paragraphs.

The first paragraph stated that the plaintiff had executed several promissory notes, with the defendant as their surety, and that he took from them a mortgage on a tract of land in Parke county, to indemnify him on account of his suretyship on said notes. That he had been compelled to pay, and had paid, as such surety, the sum of two thousand seven hundred and sixty-seven dollars and forty cents. Wherefore he demanded judgment, and the foreclosure of said mortgage.

The second paragraph alleged a general indebtedness of the defendants to the plaintiff, in said sum of two thousand seven hundred and sixty-seven dollars and forty cents, with a demand for judgment.

The third paragraph charged that the plaintiff purchased of the defendant Louisa C. Shular, a forty-acre tract of land, being her separate estate, for nine hundred dollars, and that he purchased of one Isaac Whitehead, an eighty-acre tract of land, for eighteen hundred dollars, which lay adjoining other lands of the said Louisa, and paid the said Whitehead the sum of nine hundred dollars thereon, the price of the said forty-acre tract purchased

of said Louisa. That the said defendant William F. Shular executed his note, with the plaintiff as his surety, to the said Whitehead for the sum of nine hundred dollars, the balance due on said eighty-acre tract of land. That a deed to said eighty-acre tract of land was executed to the said William F. Shular, with the knowledge and consent of the said Louisa. That the said Louisa, intending to cheat and deceive the plaintiff, at the October term, 1874, of the Parke Circuit Court, in a suit againt the said William F. Shular, fraudulently obtained a conveyance by commissioner's deed to her of the undivided half of the said eighty-acre tract, without the knowledge or consent of the plaintiff. That the plaintiff, soon thereafter, obtained a mortgage from the defendants on the remaining undivided half of said eighty-acre tract, as alleged in the first paragraph of the complaint. That the original note for nine hundred dollars, given to the said Whithead, had been renewed from time to time. That the said Louisa signed the same each time with her husband, the said William F. Shular, and the plaintiff each time signed the same as their surety. That other notes were given by the defendants, to obtain means to make improvements on the land of the said Louisa, which the plaintiff also signed as their surety. That the plaintiff had been compelled to pay, and had paid, all the notes on which he was surety as above stated. Wherefore the plaintiff demanded judgment against the defendants, for the amount so paid by him for them, as their surety, making in all three thousand dollars; that the decree of the Parke Circuit Court, and the commissioner's deed made in pursuance thereof, vesting the fee-simple of one undivided half of said eighty-acre tract of land in the said Louisa, be set aside, and the title thereby attempted to be conveyed to her be revested in the said William F. Shular; and that the judgment be be declared a specific lien on the land described in said decree and commissioner's deed.

The defendant Louisa C. Shular answered in four paragraphs.

First.   The general denial;

Second.   Setting up her coverture at the time she signed the notes and mortgage;

Third.   Setting up her coverture at the time the plaintiff paid the notes as surety for her and her husband; and,

Fourth.   Setting up again her coverture at the time she signed the notes, and giving, in some respects, a different version of the matter and proceedings alleged in the third paragraph of the complaint, to which this paragraph was intended as an answer.   She claimed, that as her separate estate paid one-half of the eighty-acre tract of land, she became equitably entitled to one-half of it, and that it was agreed that the deed to it was to be made to her and her husband, jointly.   That she did not know, until long after the deed was made, that her name was not included in it as one of the grantees.   That as soon as she was informed that the conveyance had been made to her husband alone, she instituted proceedings, in good faith, in the Parke Circuit Court to obtain title to an undivided half of said land, and in that way procure a commissioner's deed to the same, to which she averred she was fairly and equitably entitled.

William F. Shular seems not to have answered, or to have made any defence.

Replies were filed to the second, third and fourth paragraphs of the answer, and the cause was tried by a jury. There was a verdict for the plaintiff, assessing the damages against the said William F. Shular alone, at twenty-seven hundred dollars, and finding that the plaintiff was entitled to a foreclosure of his mortgage on one undivided half of said eighty-acre tract of land; also, to have the decree of the Parke Circuit Court, and the commissioner's deed, vesting the title in the said Louisa in the other half of said land, set aside, and to have the judgment declared a lien on that portion of said land.   Judgment was

entered accordingly. This was at the December term, 1874, of the court below.

At the May term following, the said Louisa presented her petition to the court, supported by competent evidence, showing that she had paid all the costs which had accrued in the above cause, and moved the court to vacate the judgment and grant her a new trial therein, as a matter of right, under section 601, 2 R. S. 1876, p. 252. That motion was overruled by the court, to which an exception was reserved.

Errors are assigned here on the rendition of the original judgment, and on the overruling of the motion to vacate the judgment and grant the appellant a new trial.

It is insisted, on behalf of the appellant, that as her property paid for one-half of the land in controversy, and that as she afterwards received a deed for one-half of it through regular proceedings in the Parke Circuit Court, her title necessarily was put in issue on the trial, and that hence she was entitled to a new trial, as of right.

This, however, was not an action to recover the possession of the land, or to quiet any alleged title of the plaintiff to it. Nor was it to enforce a claim of title of any kind by the plaintiff. The action was one simply to foreclose a mortgage on one-half of the land, and to set aside a deed as fraudulent, and to subject the other half to the payment of his debt. So far as any question of title arose on the trial, it was only as to which one of the defendants really owned the half of the land in dispute, and hence was but an incidental and collateral question to the real issues in the cause.

It has been well settled by this court, that, in actions to enforce a specific performance concerning real estate, and to set aside conveyances as fraudulent, the losing party is not entitled to a new trial, as of right. *Benner* v. *Benner*, 10 Ind. 256; *Perry* v. *Ensley*, 10 Ind. 378; *Walker* v. *Cox*,

25 Ind. 271; *Truitt* v. *Truitt*, 37 Ind. 514; *Fisk* v. *Baker*, 47 Ind. 534.

We think actions to foreclose mortgages upon, and to enforce liens against, real estate clearly fall within the same rule.

We are, consequently, of the opinion that the court did not err in overruling the motion to vacate the judgment and grant the appellant a new trial.

The objection made to the rendition of the original judgment is not insisted upon by counsel for the appellant. We are hence not called upon to consider it. We could not, at all events, properly do so, as the evidence is not in the record.

The judgment is affirmed, with costs.