### ADAMS ET AL. *v.* WILSON ET AL.

REAL ESTATE. ACTION TO QUIET TITLE.—*New Trial as of Right.*—*Sheriff's Sale.*—*Fraudulent Conveyance.*—The losing party in an action by him to quiet his title to real estate, against one claiming title thereto by virtue of a sheriff's deed for the same, pursuant to a sheriff's sale thereof to satisfy a judgment against the plaintiff's grantor, is entitled to a new trial as of right, on payment of costs, within one year after the rendition of judgment, under section 601 of the code, even where the only issue tendered in the action by the successful party was under a cross-complaint alleging title in himself under such sheriff's deed, and that the deed under which the plaintiff claimed was fraudulent.

From the Jackson Circuit Court.

*W. W. Herod* and *F. Winter*, for appellants.

*J. D. New* and *C. A. Korbly*, for appellees.

HOWK, J.—This action was commenced by the appellee Tancred R. Wilson, against the appellants, in the Jennings Circuit Court.

In his complaint, he alleged, in substance, that he was the owner, in fee-simple, of certain real estate in Jennings county, Indiana, particularly described in said complaint, which real estate had been conveyed to him, Tancred R. Wilson, by Francis F. and Adaline Mayfield, on the 14th day of March, 1868; that subsequent to said conveyance, to wit, on the 30th day of April, 1868, the said real estate, without the knowledge of the appellee Wilson, was levied upon at the suit of the appellant Joseph D. Sidener, and sold on execution, by the sheriff of Jennings county, as the property of said Francis F. Mayfield, and the appellant William C. Adams became the purchaser thereof, and the sheriff, on the 13th day of

July, 1870, made a deed therefor to him, said Adams; that the other appellants were claiming some interest in said real estate, the exact nature of which was unknown to the appellee Wilson; that the deed to the appellant Adams and the pretended claims of the other appellants were a cloud upon the title of the appellee Wilson; that the appellants had no just right nor interest whatever in said real estate; and that their pretended claims thereto were without foundation. Wherefore the appellee Wilson demanded judgment that the title to said real estate be vested in him, that the cloud upon his title be removed, that the appellants be adjudged to have no claim on, nor interest in, said real estate, for one hundred dollars damages, and for all proper relief.

To this complaint the appellants answered by way of cross-complaint, or rather, a counter-claim, in two paragraphs, in each of which paragraphs they admitted the conveyance of the real estate in controversy, by said Francis F. and Adaline Mayfield, to the appellee Tancred R. Wilson, and the subsequent sale and conveyance, by the sheriff of Jennings county, of said real estate, to the appellant William C. Adams.

In each paragraph it was charged, that the conveyance of said real estate to the appellee Tancred R. Wilson was fraudulent and void as to the creditors of Francis F. Mayfield, of whom the appellant Joseph D. Sidener was a judgment creditor; and in each paragraph the appellants prayed judgment that the said conveyance of said real estate by the Mayfields to the appellee Wilson might be cancelled, set aside, and declared null and void, that the appellants' title to said real estate, under the said sheriff's sale and conveyance thereof, might be quieted, and for other proper relief.

The cause, having been put at issue, was tried by a jury, at the March term, 1874, of the Jennings Circuit Court, and a verdict was returned for the appellants.

On written causes filed, the appellee moved said court for a new trial, which motion was overruled, and judgment was rendered on the verdict, by the Jennings Circuit Court, on the 21st day of March, 1874. Afterward, at the December term, 1874, of said Jennings Circuit Court, to wit, on the 24th day of December, 1874, the appellee Tancred R. Wilson moved the court, in writing, for a new trial as a matter of right, under the statute; and having shown the court that he had paid all the costs in said action, as required by the statute, it was then ordered and adjudged by the court, that the verdict of the jury, and the judgment of the court in said cause, be and the same were vacated, and a new trial was granted said appellee Wilson, of right and without cause.

Afterward, on the application of the appellee Wilson, supported by affidavit, the venue of the action was changed from the Jennings Circuit Court to the court below.

At the November term, 1875, of the latter court, the parties appeared, and, by agreement, the cause was continued generally.

At the February term, 1876, the parties appeared, and the cause, by agreement, was again continued generally.

At the April term, 1876, of the court below, the parties again appeared, and by agreement the cause was set down for trial, at a special term appointed for that purpose, on Tuesday, the 8th day of August, 1876, at the court-house in Brownstown, Jackson county, Indiana.

At the time and place appointed for such special term, the parties again appeared, and, by agreement, it was ordered that certain depositions on file be published.

The appellants then moved the court below, in writing, to vacate, set aside and hold for naught the order of the Jennings Circuit Court, in this action, made and entered on the 24th day of December, 1874, vacating its former judgment, and granting the appellee Tancred R. Wilson

a- new trial of this cause as of right, under the statute, and to reinstate said former judgment of the Jennings Circuit Court. The reasons for said motion assigned therein were, " that under the issues joined in said cause, and upon which the former trial and judgment therein were had, the plaintiff was not entitled to a new trial as of right and without cause, and because the plaintiff's motion in writing therefor was insufficient and defective." This motion was overruled, and to this decision the appellants excepted.

The cause was then tried by a jury, and a verdict was returned for the appellee Tancred R. Wilson. The appellants then, on written causes filed, moved the court for a new trial, and the court, not being sufficiently advised as to its ruling on said motion, took time to consider of its decision until its next regular term. At the next September term, 1876, of the court below, the parties appeared, and the appellants, with leave of the court, withdrew their written motion for a new trial; and the court then rendered judgment on the verdict, in favor of the appellee Wilson, as prayed for in his complaint. The appellants also, at the same term and before the rendition of said judgment, filed a bill of exceptions, making their motion to vacate the former order of the Jennings Circuit Court, granting the appellee Wilson a new trial as of right, and the ruling of the court below on said motion, a part of the record of this cause.

In this court, the only error assigned by the appellants is the decision of the court below in overruling their motion to set aside the order of the Jennings Circuit Court, granting the appellee Tancred R. Wilson a new trial as of right and without cause, and to strike this cause from the docket.

The main question presented for our consideration, by the record of this cause and the appellants' assignment of error thereon, may be thus stated : Was the appellee Tancred R. Wilson entitled to a new trial of this cause as of right

and without cause, under the statute? As we have seen, the appellee Wilson brought this action for the purpose of determining and quieting his title to the real estate described in his complaint. It has been repeatedly held by this court, that actions to quiet the title to real estate, as well as actions to recover the possession thereof, come within the purview, and are governed by the provisions, of section 601 of the practice act. *Shuman* v. *Gavin,* 15 Ind. 93; *Wills* v. *Dillinger,* 17 Ind. 253; *Shucraft* v. *Davidson,* 19 Ind. 98; *Zimmerman* v. *Marchland,* 23 Ind. 474; and *Truitt* v. *Truitt,* 37 Ind. 514. In said section 601 it is provided as follows:

" Sec. 601. The court rendering the judgment, at any time within one year thereafter, upon the application of the party against whom the judgment is rendered, his heirs or assigns or representatives, and upon the payment of all costs, and of the damages, if the court so direct, shall vacate the judgment and grant a new trial. The court shall grant but one trial, unless for good cause shown." 2 R. S. 1876, p. 252.

It seems to us, that, under the provisions of this section, and the construction given to this and the other sections of article 29 of the code, concerning actions " To recover the possession of real property, and to determine conflicting claims thereto," by the decisions of this court, the appellee Tancred R. Wilson was clearly entitled to a new trial of this cause, upon and after his payment of all costs within one year from the rendition of the judgment, as a matter of right and without cause. It is claimed, however, by the appellants' counsel, as we understand them, that no issue was tendered or joined by the appellants on the appellee's complaint; that the answers of the appellants were each cross-complaints, in which they sought, upon the facts therein stated, to have the deed to the appellee, from the Mayfields, of the real estate in controversy, set aside and declared fraudulent.

and void as to them, and that, upon these cross-complaints, the only issues for trial were joined in this cause.

The appellants' counsel say, that an action to set aside a conveyance of real estate as fraudulent is not within the purview of said section 601 of the practice act; and their argument is this: That the only issues for trial in this cause were those joined on their cross-complaints; that the subject-matter of their cross-complaints was the setting aside of the conveyance, from the Mayfields to the appellee, of the land in controversy, as fraudulent and void; that actions for that purpose are not embraced within the provisions of said section 601; that the verdict of the jury for the appellants, on the first trial, was a finding for them as to the issues joined on their cross-complaints, or, in other words, that the conveyance in question was fraudulent and void, and that, therefore, the appellee Wilson was not entitled to a new trial of this action as of right and without cause shown therefor.

It has been held by this court, that "The losing party can not claim, as a matter of right, a new trial in an action to set aside a conveyance as fraudulent, and to subject the same to sale upon execution. *Perry* v. *Ensley*, 10 Ind. 378." *Truitt* v. *Truit, supra. Shular* v. *Shular*, 56 Ind. 30. But that is not the case presented by the cross-complaints of the appellants. They seek to have the conveyance to the appellee set aside as fraudulent; but they do not ask that the real estate described in the conveyance may be subjected to sale upon execution. On the contrary, they claimed to be the owners of said real estate, under the deed of the sheriff of Jennings county; and they prayed, that their title to said real estate, under the sheriff's sale and deed thereof, might be quieted. So that, it seems to us, even under the issues joined on the appellants' cross-complaints, the appellee was clearly entitled to a new trial of this cause as a matter of right, and without showing cause therefor.

But, aside from this view of the matter, we are very

clearly of the opinion, that the appellee, having been defeated on the first trial of this case, and having complied with the requirements of section 601 of the practice act, within the time therein limited, was entitled to a new trial of the cause of action, stated in his complaint, as of right and without cause shown therefor. This right was incident to his cause of action, and the appellee could not be deprived of this right by the forms of pleading adopted by the appellants. *Moor* v. *Seaton*, 31 Ind. 11.

In our opinion, no error was committed by the court below, in overruling the appellants' motion to set aside the order of the Jennings Circuit Court, granting the appellee Wilson a new trial as of right and without cause.

The judgment is affirmed, at the appellants' costs.