Hunter *et al. v.* Chrisman.

## HUNTER ET AL., *v.* CHRISMAN.

SUPREME. COURT.—*Parties to Appeal.—·Appeal by one, in Name of several Co-Parties.—Irregularity.—Notice.*—The record of a cause ·in the Supreme Court showed that an appeal had been taken by one only of several co-de°endants, and an assignment of errors made in the name of all, as co-appellants; that due notice had been given to the plaintiff below, as sole appellee; that, upon the call of the cause for submission, the appellee was called and defaulted, and some of the appellants appeared as such by attorney; " and that it appearing to the " Supreme " Court that the other " appellants had " been served with notice of said appeal, and proof thereof filed," they were called, came not, and failed " to decline to join in said appeal," whereupon it was " ordered that they " should " be regarded as having joined in said appeal."

*Held*, that, as the appellee had failed to appear and resist the making of such order, and had failed, during the whole of the term, to seek to have said order set aside, he could not afterward take advantage of any irregularity therein, and such co-defendants will be deemed regular co-appellants

NEW TRIAL, AS OF RIGHT.—*Action by Wife, to Quiet Title against Husband's Execution Creditors.— Injunction.— Trusts.*—Action by a wife, against her husband and his judgment creditors, to vest in her the legal title to certain land conveyed to him, to which she claimed the equitable title by reason of the alleged facts, that he had purchased the land with her means, and had taken the legal title in his own name without her knowledge or consent She also sought to enjoin the creditors from hav-ing the land sold on execution, and to quiet her title against the lien of their judgments.

*Held*, that, under sections 601, 611 and 612, 2 R. S. 1876, either party was entitled to a new trial, as of right, on payment of costs, within the time specified.

SAME.—*Bill of Exceptions — Presumption, as to Payment of Costs.— Evidence.* —The bill of exceptions, containing the record of the proceedings in rela-tion to the application for a new trial. in such case, showed that the costs had been paid, but did not show to whom, nor did it contain the evidence of such payment.

*Held*, that it is presumed that such payment was made to the person or per-sons authorized or entitled to receive the costs; and that it was not neces-sary to set out the evidence.

## From the Warren Circuit Court.

*R. C. Gregory, W. B. Gregory, J. M. Rabb, J. W. Sutton,* —— *Hunter, W. C. Wilson, J. H. Adams, R. P. Davidson* and *J. C. Davidson,* for appellants.

*J. McCabe,* for appellee.

WORDEN, J.—Complaint by the appellee, against the appellants, which, after entitling the cause and stating the names of the parties, was as follows:

"Elizabeth Chrisman, plaintiff, complains of the above named defendants and says, that she is now, and has been for a great many years, the wife of the defendant above named, Isaac Chrisman; that, during such marriage relation, said defendant Isaac Chrisman purchased, with money wholly belonging to her separate estate, derived by gift from her father, the following described lands situate in said Warren county, to wit:" (Here the lands are described); "and took the deeds therefor in his own name, without the knowledge and consent of the plaintiff, and still holds the legal title to said lands. And she further avers that Fry Bryant, James J. Perrin and Herman Weibers, administrators of John Purdue, deceased, John P. Hunter, Harrison C. Swisher, Manlius A. Osborn, Henry Tuttle and Isabel Ransom have recovered judgments in the Warren Circuit Court, against Isaac Chrisman, which remain in full force and unsatisfied, and are claimed as liens upon said lands, by said defendants. There is a crop of corn, the separate property of plaintiff, growing on the first tract of land above described, which has been levied upon by the defendant Mahlon H. Pearson, sheriff of said county, by virtue of an execution in favor of said defendant John P. Hunter and against said Isaac Chrisman and others than the plaintiff, for about fifty-seven hundred dollars, and the said sheriff has advertised the same for sale on the 20th day of September, instant, and will sell the same, if not restrained by the order of this court; also, about sixty bushels of wheat, belonging to the separate estate of plaintiff, which

is likewise advertised for sale, on the same execution, at the same time, and which he will likewise sell unless restrained by the order of this court." After praying for a temporary restraining order, the complaint proceeds as follows:

"And at next term, she prays that the court will, by its decree, declare, award and adjudge that the plaintiff is the equitable owner of said land, and that the legal title thereto has hitherto vested in said Isaac Chrisman as trustee for plaintiff; and, to more fully and completely effectuate such just right, she prays the court to appoint a commissioner to execute a deed conveying such legal title to her; and that the court, in term, will enjoin and prohibit each and all of said defendants from claiming any interest, title or lien in or upon said lands on account of such judgments, executions or otherwise, and that the court will then perpetually enjoin said sheriff and the other defendants from attempting to sell said property, or any part thereof, on said execution or any other execution against the said Isaac Chrisman."

To this complaint, Hunter, Tuttle, Bryant and Osborn answered. The other defendants were defaulted. Trial of the issues by a jury, verdict for the plaintiff, except as to the wheat, and judgment that the defendant Isaac Chrisman held the land in trust for the plaintiff, he having invested her money therein, and having taken a conveyance to himself without her knowledge or consent, and that the plaintiff was entitled to have the legal title to the land conveyed to her; and a commissioner was appointed to make such conveyance, which was done.

The following bill of exceptions is in the record, viz. :

"Elizabeth Chrisman  
  *v.*  
 John Hunter,  
impleaded with others.

"Be it remembered, that, after the verdict of the jury

had been returned in the above cause, and after the judgment of the court had been duly rendered on the verdict aforesaid, in favor of the plaintiff and against said defendant, said defendant proved to the satisfaction of the court, that he had paid all the costs accrued herein, and moved the court to grant him a new trial of this cause, as a matter of right; which said motion is in the words and figures following, to wit:" (Here the motion is set out, but it need not be copied) "which motion the court overruled, to which ruling the defendant at the time excepted," etc.

Error is assigned upon this ruling.

Before proceeding to consider the question involved in the above ruling, we may dispose of a preliminary point, made by the appellee. It is insisted, in a brief filed for the appellee, that the appeal ought to be dismissed, on account of a supposed failure to comply with section 551 of the code, in taking the same. The brief was filed January 8th, 1880.

The history of the case, in this court, is as follows:

The record was filed in this court February 22d, 1878, with an assignment of errors in the names, as was proper, of all the defendants below, as appellants. But it is to be inferred, from steps subsequently taken in the cause, that John P. Hunter, one of the defendants below, alone caused the record to be filed and the errors assigned. And it is claimed by the appellee, that it does not appear that Hunter has given notice to his co-defendants of his appeal, as required by the section of the code above cited.

The appellee was served with process in the cause on February 27th, 1878, and upon May 29th, 1878, upon the call of the cause for submission, the following entry was made upon the minute order book of this court, after entitling the cause, viz.:

" Comes the appellant John P. Hunter, by R. C. & W.

B. Gregory, his attorneys, and the said James J. Perrin and Herman Weibers, administrators of John Purdue, deceased, also come by Wilson & Adams and R. P. & J. C. Davidson, their attorneys, and it appearing to the court that the other co-parties have been served with notice of the said appeal, and proof thereof filed in the clerk's office of this court, and said co-parties, Isaac Chrisman, Fry Bryant, Harrison C. Swisher, Manlius A. Osborn, Henry Tuttle, Isabel Ransom and Mahlon H. Pierson, being called, come not, and fail to decline to join in said appeal. It is therefore ordered that they shall be regarded as having joined in said appeal. And it appearing that the appellee has been served with process herein for more than ten days before the first day of the present term of this court, and being three times called, comes not, but makes default, and, on motion of the appellants, this cause is submitted to the court."

There is, among the papers in the cause, a notice of the appeal, service of which is acknowledged by Weibers and Perrin, who appeared by their attorneys, as shown by the above entry; but we find no paper showing the service of notice upon the other defendants below of the appeal.

The entry thus made, as above set out, however, we regard as conclusive that the proper notice had been given. The appellee had been served with process, and the cause was ready for submission, so far as she was concerned, at the time when it was submitted, and when the order in question was made. She was then, in legal contemplation, in court; and it was her right to have resisted the order thus made as to the co appellants of Hunter, if it was wrong. She might probably, at any time during that term, which lasted nearly six months, by motion, on notice to the opposite party, have procured the order to be set aside, if there was any irregularity or mistake in reference to it.

The court, of its own motion, might probably, during that time, have set it aside on being advised of good cause therefor. But the order has not been set aside, nor has any motion been made to set it aside. It will be observed that none of those whose names are stated as appellants are making any question as to the order.

We think it clear, under these circumstances, that we must regard the co-appellants of Hunter as having had notice of the appeal by him, and as having joined therein, because they did not decline to do so, in accordance with the section of the code cited.

The appellee also insists that the appeal should be dismissed because the appellants did not file a sufficient brief, within sixty days after submission. The appellants filed a brief within the time limited, which we regard as clearly sufficient. It made the point distinctly, among others, that a new trial should have been granted as a matter of right, and was quite sufficient to raise that question, even if a more elaborate brief had not been subsequently filed.

This brings us to the important question, whether the appellants were entitled to a new trial, as matter of right, on payment of the costs.

The chief object of the action was to establish the plaintiff's supposed equitable title to the land, by reason of the alleged fact that her husband invested her money in it, and took the conveyance to himself without her knowledge or consent, and to procure a conveyance to her of the legal title, and to quiet that title against the claims of the defendants who were judgment creditors of the husband, thus withdrawing the land from the supposed liens of the judgments. Indeed, the most important purpose of the action seems to have been to withdraw the land from the liens of the judgment creditors of the husband, and thereby quiet the plaintiff's title against the claims of those creditors.

The plaintiff claimed the equitable title to the land, and

the right to have the legal title vested in her. The creditors of the husband, on the other hand, claimed that the land belonged to the husband, both legally and equitably, and that they had a right to subject it to sale for the payment of their judgments. Here was such a conflict of claims in respect to the land, as brings the case, in our opinion, within the statute allowing either party a new trial, as matter of right, on payment of all costs. See sections 601, 611, 612 of the code. The following decisions, to a greater or less extent, support this view : *Shuman* v. *Gavin*, 15 Ind. 93 ; *Shucraft* v. *Davidson*, 19 Ind. 98 ; *Bender* v. *Sherwood*, 21 Ind. 167 ; *Zimmerman* v. *Marchland*, 23 Ind. 474 ; *Moor* v. *Seaton*, 31 Ind. 11 ; *Truitt* v. *Truitt*, 37 Ind. 514.

The appellee objects, however, that the bill of exceptions is insufficient, because it does not show how and to whom Hunter paid the costs. We think the bill sufficient. If the costs were paid, it will be fair to presume, nothing appearing to the contrary, that they were paid in lawful money ; and, if paid, it may be assumed that they were paid to the person or persons authorized or entitled to receive them ; otherwise there would be no payment. Nor was it necessary that the bill of exceptions should contain the evidence from which the court found that Hunter had paid the costs. That was a question for the court below to pass upon, in determining the motion for a new trial ; and, the court having found the fact of payment by him, we will presume the finding was correct, nothing to the contrary appearing.

The judgment below is reversed, with costs, and the cause is remanded, with instructions to the court below to sustain the motion for a new trial, as matter of right.

Opinion filed at November term, 1879.

Petition for a rehearing overruled at May term, 1880.