Warburton *v.* Crouch *et al.*

No. 12,043.

## WARBURTON *v.* CROUCH ET AL.

NEW TRIAL AS OF RIGHT.—*Not Proper in Suit to Set Aside Fraudulent Conveyance.*—A new trial as of right is not allowable in an ordinary suit to set aside a fraudulent conveyance of land.

SAME.—*Judgment Resting on Paragraph to Set Aside.*—*New Trial not Proper.*— Where the record on appeal shows that the judgment rests on a paragraph of complaint to set aside a fraudulent conveyance of real estate, a new trial as of right can not be granted although there may be other paragraphs seeking to quiet title or recover possession.

SAME.—*New Trial Proper in Suit to Revest Title to Land Obtained by Fraud.*— A new trial as of right is proper in a suit to revest title in an owner whose land has been obtained from him by fraud, and subsequently conveyed to a fraudulent grantee.

SAME.—*Second Application within Statutory Period.*—The fact that the court erroneously denied a new trial as of right does not exhaust the power of the court to grant a second application within the statutory period.

From the Boone Circuit Court.

*J. A. Abbott* and *H. C. Wills,* for appellant.

*O. P. Mahan,* for appellees.

ELLIOTT, J.—There are two paragraphs in the appellant's complaint, the first is for the recovery of real estate, and the second charges that the land was obtained from the appellant by fraud, and that it was afterwards fraudulently conveyed to one of the appellees.

Issue was joined by answer of general denial. The first trial resulted in a verdict and judgment for the plaintiff, and it was decreed by the court that the conveyance be set aside and the appellant's title to the land quieted.

On the motion of the appellees, the court granted them a new trial as of right, and the second trial resulted in a judgment in their favor.

The appellant unsuccessfully moved to strike the appellees' motion for a new trial from the files, and reserved exceptions. He also excepted to the ruling granting the appellees a new trial as of right.

We agree with the counsel for the appellant, that a new

trial as of right can not be allowed in an ordinary suit to set aside a fraudulent conveyance of land. *Perry* v. *Ensley*, 10 Ind. 378; *Truitt* v. *Truitt*, 37 Ind. 514; *Shular* v. *Shular*, 56 Ind. 30; *Adams* v. *Wilson*, 60 Ind. 560; *Butler University* v. *Conard*, 94 Ind. 353.

We also agree that where the record shows that the judgment rests on a paragraph of a complaint to set aside a fraudulent conveyance of real estate, a new trial as of right can not be granted, although there may be other paragraphs seeking to quiet title or recover possession. *Bradford* v. *School Town of Marion*, 107 Ind. 280; *Williams* v. *Thames, etc., Co.*, 105 Ind. 420; *Butler University* v. *Conard, supra;* *Jenkins* v. *Corwin*, 55 Ind. 21.

But, while we agree with appellant's counsel as to these legal propositions, we can not agree that they apply to the case before us. This is not an ordinary suit to set aside a fraudulent conveyance and subject the land to the claims of creditors, but it is a suit to revest title in an owner whose land had been obtained from him by fraud, and subsequently conveyed to a fraudulent grantee. The title to the land was directly in question and was necessarily adjudicated. In truth, the second paragraph of the complaint is nothing more than a claim for the recovery of real estate, specifically set forth. The case is, therefore, fully within the doctrine declared in *Adams* v. *Wilson, supra*, and a new trial was demandable as of right. *Physio-Medical College* v. *Wilkinson*, 89 Ind. 23.

It is insisted that as the first motion for a new trial as of right was denied by the court, it had no authority to grant the second motion. This position can not be maintained. The statute in express terms gives the right to a new trial, and it is clearly error to refuse it. This right remains open for the period of one year, and it seems quite clear to us that the court may do what the statute commands, although it may once have erroneously refused to obey the statutory mandate. It is perhaps true that the proper course for the parties

to have taken was not pursued, but our decisions establish the rule that if a right result is reached there can be no reversal although the regular road was not travelled. Here a right result was reached, and, although the mode adopted was not the proper one, still substantial justice was done.

Judgment affirmed.

Filed Oct. 14, 1886.