Devlin *v.* Brady.

The order made at special term should be affirmed with costs.

Order affirmed.

[NEW YORK GENERAL TERM, September 17, 1860.  *Sutherland, Bonney* and *Leonard,* Justices.]

---

## DEVLIN vs. BRADY.

An agreement between M. and B., to the effect that M., in consideration of the giving of a promissory note by B. for $3000, would use his supposed influence with the street commissioner of the city of New York, and by such influence induce a favorable settlement and allowance of certain disputed claims and accounts of B. against the city corporation, the allowance of which could not be obtained without such influence; *Held* illegal, and that no contract made in consideration thereof could be enforced by law.

And where a promissory note, given as the consideration of such an agreement to M. was indorsed by the latter to the plaintiff, with notice of the facts, who procured the same to be discounted by a bank for his own benefit, and he himself received the proceeds of the discount, and the plaintiff, after the note was dishonored and in the hands of the bank, took it up and paid to the bank the amount thereof; *Held* that he was not entitled to stand in the shoes of the bank, which received it before maturity, and paid value for it, in good faith; but that his position and rights, as against the prior parties thereto, were the same as if he had never parted with the note.

THIS action was brought on a promissory note stated to have been made by the defendant, payable to his own order, and by him indorsed and delivered to George Mountjoy, who indorsed and delivered the same to a third person, by whom, it was alleged, the note was, before maturity, transferred and delivered to the plaintiff for a valuable consideration. The defense set up by the answer was that the note was

Devlin v. Brady.

made and delivered without consideration, or upon an illegal consideration, of which the plaintiff had notice when he received it. The jury, under the charge of the court at the circuit, rendered a verdict for the defendant. The plaintiff, on exceptions taken at the trial and stated in the case made, moved, at special term, for a new trial; which motion was denied, and from that decision the plaintiff appealed.

*J. E. Burrill*, for the plaintiff.

*J. McKeon* and *C. L. Monell*, for the defendant.

*By the Court*, BONNEY, J. At the trial of this action exceptions were taken by the plaintiff to the admission of certain questions proposed to the defendant, called as a witness on his own behalf, on the ground that the notice of his examination, given under section 399 of the code of 1857, was defective. I think the notice was sufficient to authorize the examination of the defendant; and this exception does not appear to have been referred to on the motion at special term, or there considered by the court.

After the evidence was closed, the plaintiff's counsel requested the court to charge the jury, " *that the agreements alleged in the answer and established by the testimony were not illegal.*" The court refused so to charge, and the plaintiff's counsel excepted. I have no doubt that this decision was correct. The agreement alleged in the answer, and referred to in this request, was in effect that Mountjoy, in consideration of the giving of this note by the defendant, would use his supposed influence with the then street commissioner of New York, and by such influence induce a favorable settlement and allowance of certain disputed claims and accounts of the defendant against the city corporation, the allowance of which could not be obtained without such influence. Such an agreement, in my opinion, would be illegal, and no contract made in consideration thereof could be enforced by law.

(*See Harris* v. *Roof's Ex'rs*, 10 *Barb.* 489 ; *Rose* v. *Truax*, 21 *id.* 361 ; *Gray* v. *Hook*, 4 *Comst.* 449.) The principle on which these cases were decided appears to me to be applicable to and decisive of this point.

It was proved that the note in question was indorsed by Mountjoy and delivered to the plaintiff, who indorsed and delivered the same to the Bowery Bank, by which it was discounted for the plaintiff and the proceeds of the discount were received by him, and that after the note was dishonored the plaintiff received back the note and paid said bank the amount due on it, and then brought this action thereon ; and the plaintiff's counsel, in substance and effect, requested the court to charge, that if the Bowery Bank received the note from the plaintiff before maturity and paid value therefor, in good faith, and without notice of the consideration or purpose for which it was given, and the plaintiff, after the note was dishonored in the possession of the bank, took it up and paid to the bank the amount thereof, he was entitled to " stand in the shoes of the bank," and could recover on the note, although he knew the facts in relation to the making of the note when he first held it, before he procured it to be discounted. The court refused so to charge, and the plaintiff's counsel excepted. In my opinion there was no error in this decision. The plaintiff procured the note to be discounted for his own benefit, and himself secured the proceeds of the discount, and when the note was returned to him after maturity, his position and rights, as against the prior parties thereto, were the same as if he had never parted with it. The use which he had made of the note could not, in my judgment, make his rights against the maker or indorser greater than they were before.

The court charged the jury that the question for them to determine was whether there was a consideration for the note, and if there was not, whether the plaintiff, when he received the note from Mountjoy, knew or had notice of such want of consideration ; that a note given to procure improper influ-

Devlin *v.* Brady.

ence to be used with a public officer was void; that any influence would be improper if the parties contemplated or intended an influence arising out of the relations existing between the employee and the officer; and the jury must determine from the evidence whether such an influence was designed or contemplated between the defendant and Mountjoy; that it was immaterial whether the consideration of the note was illegal or the note was without consideration; in either case the plaintiff could not recover if he had notice of the illegality or want of consideration, at the time when he received the note.

After some remarks in relation to the testimony of the defendant and its effect, and saying that notice might be inferred from circumstances, the court added, "In any view of the case notice is the important thing. If you believe Brady you cannot doubt that Devlin knew all about the note when he took it; while if you believe Devlin he knew nothing about it." To which the plaintiff's counsel excepted.

If this exception is to be considered as intended to apply to the whole of the preceding charge, it is too broad to be available; if applicable to the last clause only, in my judgment it is not well taken. Indeed I do not see that the whole of this charge, taken together, is materially objectionable.

The residue of the charge, although stated in three paragraphs, to each of which a separate exception was taken, in effect amounts only to this; that if the jury found that the consideration of the note was illegal, and that the plaintiff had notice of its origin and consideration when he first took the note, he could not, in any view of the case, recover upon the evidence before the court and jury. This is clearly unexceptionable; and in my opinion no error is shown to have been committed at the trial, which requires or authorizes the court to interfere with the verdict found by the jury.

The order made at special term, denying the motion for a new trial, should be affirmed with costs.

[NEW YORK GENERAL TERM, September 17, 1860. *Sutherland, Bonney* and *Mullin,* Justices.]