IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1873, IN THE FIFTY-SEVENTH
YEAR OF THE STATE.

---

### MAGUIRE ET AL. *v.* SMOCK ET AL.

CITY.—*Common Council.—Petitioners for Street Improvement.—Good Faith of Petitioners.*—The common council of a city have a right to believe that every property owner petitioning for the improvement of a street does so in good faith, and not under a contract by which he is to be relieved of the whole or any part of his share of the cost of the improvement, whilst he is seeking to have others taxed for the whole amount of their shares under the law.

SAME. — Any agreement or combination among parties petitioning for the improvement of a street, by which a few individuals, desirous of causing the improvement to be made, procure the signatures of others to the petition by paying, or agreeing to pay, a consideration therefor, either directly or indirectly, is a fraud on the law and contrary to public policy.

SAME.—In an action upon an agreement to pay a consideration to procure the signatures of property owners to a petition for the improvement of a street, for those whose names were thus procured to say that they were not opposed to the improvement "in itself considered," but that they did not feel pecuniarily able to bear the expense, and that they accepted the agreement in good faith, and without fraud, will not render the agreement valid, or enable them to enforce it.

APPEAL from the Marion Superior Court.

OSBORN, C. J.—The appellants instituted an action against.
    VOL. XLII.

the appellees upon a written instrument, of which the following is a copy:

"INDIANAPOLIS, April 8th, 1870.

"We, the undersigned, guarantee unto Douglass Maguire and William J. Gillespie the sum of eight hundred dollars, on the assessment for improving Delaware street with the Nicholson pavement in front of their property on said street, provided they petition the city council of Indianapolis for said improvement.

"WM. C. SMOCK,
"D. H. WILES,
"J. T. WRIGHT."

It is alleged in the complaint that the appellants did petition the city council for the improvement, and did become liable to pay a large sum for and upon the assessments upon their property for the improvement, and in a much larger sum than eight hundred dollars; that they have been compelled to pay, and have paid, the assessments upon their property for such improvement, an amount exceeding eight hundred dollars; that the defendants, the appellees, were then the owners of property bordering on said street, and were very desirous to obtain the construction of the improvement, for the purpose of enhancing the value of their property bordering thereon; that they made the contract in consideration of the benefits they would receive from the construction of the improvement; that they afterward paid all of the eight hundred dollars, except the sum of two hundred and sixteen dollars and sixty-six cents, which remains unpaid.

A demurrer was filed to the complaint, which was overruled. The appellants answered, alleging, amongst other things, that at the time of the execution of the written instrument sued on, a question was pending before the common council of Indianapolis as to whether the improvement contemplated in the writing should be made at the expense of the city and numerous owners of real estate on and along the line of the street between the points named; that the plaintiffs were owners of real estate on and along the street

between those points, and as such, had signed a remonstrance with other owners against the contemplated improvement; that afterward they corruptly and fraudulently entered into the agreement mentioned in the complaint, and petitioned the council to make the improvement; that the council caused the work to be done; and that the cost of it was assessed against the property bordering on the street, and paid by the owners, stating the sums paid by the several remonstrators.

A demurrer to the answer was overruled, and a reply filed admitting that they had signed a remonstrance as alleged in the answer, but averring that it was done, "not because they were opposed to the work in itself considered, but because they did not feel pecuniarily able to bear the expense that would be assessed against their property by reason of said improvement;" that the defendants came to them, without solicitation or inducement on their part, and proposed to enter into, and executed, the contract, which they accepted, and afterward signed the petition in perfect good faith, and without any desire or design whatever to corruptly or fraudulently influence the said common council, or any officer or person connected with the government of the city; that after receiving the contract, they were willing and anxious to have the improvement made, and were willing to pay all over the said sum of eight hundred dollars which would be assessed against their property, and by reason thereof signed the petition for the purpose of procuring the improvement to be made.

On motion of the appellees, a part of the reply was stricken out. The motion was to strike out all between the first word on the second page and the second word on line thirteen of said second page, all on page one, and beginning at the second word of line twenty-two on said second page, and strike out all the remainder of the reply. We have no means of determining what was included in the motion. The record does not show how the reply was paged and lined. We must take the reply as we find it in the record,

presuming that the clerk has omitted what was stricken out.

A demurrer was filed and sustained to the reply. The appellants refusing to amend or reply further, final judgment was rendered against them for costs. Proper exceptions were taken by the parties to the several rulings of the court.

An appeal was taken to the general term, where the judgment of special term was affirmed. The appellants seek to reverse the judgment for the alleged errors of the court in overruling the demurrer to the answer, in sustaining the motion to strike out a part of the reply, and in sustaining the demurrer to the reply.

The law authorized the common council to cause the improvement contemplated in the contract to be made, on the petition of the resident owners of two-thirds of the whole line of lots, or parts of lots, bordering on the street, or part of street, sought to be improved at the expense of the owners of lots bordering on the street, or the part thereof to be improved, except so much thereof as 'is occupied by public grounds of the city bordering thereon, and the crossings of streets and alleys, which were chargeable to the city.

The council possessed no authority to cause the improvement to be done without the petition, except with the concurrence of two-thirds of the members thereof. With such concurrence, and without any petition, the council might order or cause the improvement to be made, and either charge and cause the expense thereof to be assessed and collected as provided when petition is filed, or if deemed just and right by the common council, cause the expense, or any part thereof, to be paid out of the general revenue of the city. 3 Ind. Stat. 98 to 104, secs. 68 to 71.

We are not informed by the pleadings whether the petition contained the number of names of resident owners requisite to authorize the common council to cause the improvement to be made by a majority vote or not. We are informed, however, that the question of making the improvement was pending before the common council; that the appellants and others had remonstrated against it, and

that it was important to overcome the opposition of the appellants and change them from remonstrators against, to petitioners for, the improvement, in order to control the action of the common council in favor of the work. We do not consider it necessary to decide whether the council were compelled to cause the work to be done on filing the petition, or whether it was optional with them to do it or not; nor whether the names of the appellants were necessary to make the requisite number to enable the council to act by a majority vote. Their names were to be added to the petition to affect the action of the council. The council would be controlled to a considerable extent by the wishes of the property owners. The nearer they approached to unanimity in favor of the work, the more likely the council would be to order it to be done. They would have a right to believe that every property owner petitioning for it did so with the expectation that he was to actually assume his share of the burdens; that he signed the petition in good faith, and not under a contract by which he was to be relieved of the whole, or any part, of his share of the cost of the improvement whilst he was seeking to have others taxed for the whole amount of their share under the law. "Any arrangement or combination among the parties applying, whereby a few individuals, desirous of causing the grading and paving to be done, procure the signatures of others to the application, by paying them a consideration therefor, either directly or indirectly, is a fraud in the law, and contrary to public policy." *Howard* v. *The First Independent Church of Baltimore*, 18 Md. 451.

This case is very much like the one cited. The following have some bearing upon the question: *Hatzfield* v. *Gulden*, 7 Watts, 152; *Gil* v. *Williams*, 12 La. An. 219; *Dexter* v. *Snow*, 12 Cush. 594; *Powers* v. *Skinner*, 34 Vt. 274; *Fuller* v. *Dame*, 18 Pick. 472; *Brown* v. *Brown*, 34 Barb. 533; *Devlin* v. *Brady*, 32 Barb. 518; *Harris* v. *Roof's Ex'rs*, 10 Barb. 489.

It is true that the appellants aver in their replication that

they were not opposed to the work "in itself considered," but because they did not feel pecuniarily able to bear the expense of it; that as soon as the appellees, by their contract, undertook to relieve them from the expense, they at once became equally as anxious for its accomplishment as the appellees were, and willingly petitioned for it; and hence they acted in good faith. It is possible that the other remonstrators were opposing the work for the same want of pecuniary ability to bear the expense, and not because they were opposed to it in itself considered. Perhaps all of them might have been converted upon the same terms that the appellants were. Their opposition was predicated entirely upon an objection to paying for the work. We think very few persons who would be willing to be benefited by the labor or means of others would remonstrate against paving a street in front of their property, if the cost of it was to be borne by some one else. They would not object to the work in itself considered.

It is admitted in the replication that the appellants were induced to sign the petition by reason of the guaranty set out in the complaint; that that was its sole consideration. The affirmation of good faith and denial of fraud do not relieve the act of its culpability. Courts will not aid either party to enforce such contracts. The answer was good and the replication bad.

The judgment of the said superior court is affirmed, with costs.

*J. E. McDonald, J. M. Butler* and *E. M. McDonald,* for appellants.

*C. H. Test, D. V. Burns,* and *G. S. Wright,* for appellees.