JACOBS V. TOBIASON.

1. **Contract:** AGAINST PUBLIC POLICY: VOID: INSTANCE. Proceedings for the establishment of public highways are essentially public in their character, and are for the benefit of the whole people; and while such proceedings are begun voluntarily by private persons, and while, also, such persons may not·be compelled to prosecute such proceedings to a final result, yet an agreement to abandon such prosecution, in consideration of money to be paid for such abandonment, is against public policy, and void in law, and cannot be enforced.

*Appeal from Jones District Court.*

SATURDAY, DECEMBER, 6.

IT is alleged in the petition that in the month of May, 1882, two causes were pending in the circuit court of Jones county, in one of which defendant, Tobiason, was plaintiff, and this plaintiff and others were defendants; and in the other one H. F. Wilkins was plaintiff, and this plaintiff and others were defendants; and that plaintiff and defendant entered into a contract for the compromise and settlement of said causes, whereby defendant agreed, in consideration that plaintiff would refrain from contesting said causes further, he would pay plaintiff the sum of $100, and in addition thereto would pay the costs of said causes; and that plaintiff, relying on said promise and agreement, did refrain from further contesting said causes, and they were afterwards disposed of by the court, but that defendant neglected and refused to pay said sum of money or said costs, and the prayer is for judgment for the amount thereof. The answer alleges that said causes were appeals from the award of damages in a proceeding for the establishment of a public highway; that plaintiff and the persons who were his co-defendants in said causes were the petitioners for the establishment of said high-way, and defendant and said Wilkins filed their claims for damages on account of the establishment of the same, and

that such proceedings were had on said claims that each of the claimants was awarded a sum as damages thereon, and plaintiff and the other petitioners for the road paid the amount of such awards to the auditor, and that thereupon said road was established as a public highway, and opened and worked as such; but that the claimants refused to accept the amounts of the awards, and appealed therefrom, and that the agreement alleged in the petition was entered into while said appeals were pending in the circuit court, and was made for the purpose of defeating the order of the board of supervisors, and of preventing the establishment of said highway and its use by the public, and was therefore void and against public policy. The verdict and judgment were for defendant. Plaintiff appeals.

*E. Keeler* and *Sheean & McCarn*, for appellant.

*J. W. Doxsee*, for appellee.

REED, J.—Plaintiff was examined as a witness in his own behalf, and his testimony was the only evidence introduced on the trial. He testified in substance that after the appeals were taken, and while the causes were pending in the circuit court, an agreement was entered into between him and defendant for the settlement of the causes and their final disposition; that his undertaking in the agreement was that he would make no further appearance in the causes, and would cease all efforts for procuring the final establishment of the highways, and that he would withdraw the money which he had deposited with the county auditor for the payment of the awards; and that defendant agreed, in consideration of his doing these things, to pay him $100, and to take care of the costs in the cases; and that he had paid out as attorney's fees, and other expenses incurred by him in the proceeding to establish the highway, about the sum of $100; and that the object of the parties in entering into the agreement was to put an end to the proceeding, and to reimburse him for the expenses he had

Jacobs v. Tobiason.

incurred therein.   On this testimony the circuit court ruled that the contract was against public policy, and was therefore not enforceable; and the jury were directed to return a verdict for defendant; and the only question presented by the record is as to the correctness of this ruling.   We think the ruling is correct.   Proceedings for the establishment of public highways are essentially public in their character.   They are in the exercise by the state of one of its sovereign powers.   The rights which are established and the privileges which are created by the proceedings are for the benefit of the whole people.

The proceeding can be instituted, it is true, only on the petition of some member of the public who is interested in the question, and it may be carried on in his name, and he may be made responsible for the costs occasioned by it, and, if damages are awarded to those whose lands are appropriated for the use of the highway, he may be required to pay the same as a condition to its establishment, and, if an appeal be taken from such award, he may be made a party to the litigation thus instituted, and may ultimately be compelled to pay the costs occasioned by it.   Code, Title VII, Chap., 1.   But the proceeding is not for his benefit.   It is a proceeding by the state for the benefit and advantage of all the people of the state, and the petitioner acquires no special rights or advantages by it.   In so far as his efforts are instrumental in procuring the establishment of the highway, he acts for the public.   In instituting and carrying on the proceeding, he acts, in a sense, in a public capacity.   He invokes the power of the state, and it is exercised for the benefit of the common public, and he, in a sense, represents that public, and stands for it in the proceeding.   It is true, he cannot be compelled to institute the proceeding, and it may be true, also, that, having voluntarily begun it, he cannot be compelled to continue it to a final result.   If it turns out that the burthens likely to be imposed upon him are greater than was anticipated when he instituted the proceedings, it may be that he has the right to retire

from them, or discontinue them entirely. But when he has assumed a position of trust towards the public, and instituted a proceeding of public concern, he cannot be permitted to make the question whether he will remain in the position or continue the proceeding a matter of private bargain for his own emolument. One occupying a public office has the undoubted right to resign his position. But if a public officer were to agree with one who, for any reason, was desirous that a vacancy in the office should be created, that for a money consideration he would resign the office, it would hardly be contended that such contract was enforceable. Yet it seems to us there is no difference in principle between that case and the one before us. The highest considerations of public policy demand that all duties in which the state and public are concerned shall be performed with fidelity; and no man who has once assumed the performance of such duties should be permitted to make the question whether he will continue in their performance a matter of private speculation.

We think the judgment of the circuit court is right, and it is

                                                        AFFIRMED.