Filed March 7, 1894.

---

No. 16,673.

## CORNS *v.* CLOUSER ET AL.

PRACTICE.—*Motion to make more Specific.—Addressed Conjunctively.— When Unavailing.*—If a motion to make more specific is addressed jointly to two or more paragraphs of a pleading, the motion will be unavailing if either paragraph is not subject to such motion.

CONTRACT.—*Easement, Private Way.—Consideration.—When not Void as Against Public Policy.*—Where A. sought to vacate a highway dividing his lands, and to establish another which would not divide his lands, which would entirely remove the highway from B.'s

lands; and to compensate B. for the loss of the highway to his lands A. agreed to supply a private way for the benefit of B.'s lands and to induce B. to join in the petition for change of highway, such contract for right of private way was not void as against public policy.

NEW TRIAL.—*As of Right.*—*Quieting Title to Easement.*—In an action to quiet title to an easement, the party against whom judgment is rendered is entitled to a new trial as of right, when he has complied with the statutory requirements.

From the Montgomery Circuit Court.

*B. Crane, A. B. Anderson, B. T. Ristine* and *T. H. Ristine*, for appellant.

*C. Johnston* and *E. R. Johnston*, for appellees.

HACKNEY, J.—This suit was by the appellees to establish an easement across the lands of the appellant, to be used as a private way in passing to and from appellees' lands, between which and the public highway were appellant's lands.

The first alleged error of the trial court is in the overruling of the appellant's motion to make more specific the averments of the second and third paragraphs of complaint as to the location of the way sought. The second paragraph pleaded a parol agreement for a right of way generally, and it is manifest that the pleading in this respect could be no more specific than the agreement. If the agreement was insufficient, its weakness could only be tested upon demurrer. The motion was in a single specification, and was addressed to the paragraphs jointly, and therefore was unavailing if either paragraph was not subject to such motion.

The complaint alleged the ownership by the appellant of a tract of land not necessarily affected by the way to which the jury found the appellees entitled, and not apparently affected by the way specifically alleged in some of the paragraphs to have been agreed upon. The

appellant moved the court to strike out the allegation as to such ownership, which motion was overruled. This ruling was harmless, even if conceded to have been erroneous.

Three of the paragraphs of complaint alleged the ownership, by the appellees' grantor, of a tract of land adjoining on the north the lands of the appellant; that a public highway ran north on the east line and west on the north line of appellant's land, thus dividing the lands of appellant and appellees; that the appellant sought to vacate said highway and establish another which would not divide his lands but would run on the south and west sides thereof, thus taking said highway entirely from appellee's lands; that in order to compensate for the loss to appellees' lands of said highway the appellant agreed to supply a private way for the benefit of said lands; that by agreement said grantor joined in the petition for said change of highway, and went into the use of said private way, and continued in the use thereof until appellees became the owner thereof.

These facts, the appellant insists, so far from constituting a cause of action, present an agreement void as against public policy, because, it is said, "the vacation and establishment of public highways are not matters of private contract, but are affairs of public concern." As supporting this view are cited the following cases: *Elkhart, etc.,* v. *Crary*, 98 Ind. 238; *State* v. *Johnson, Admr.*, 52 Ind. 197; *Louisville, etc., R. W. Co.* v. *Sumner*, 106 Ind. 55; *Hunter* v. *Pfeiffer*, 108 Ind. 197; *Jacobs* v. *Tobiason*, 65 Iowa, 245; *Maguire* v. *Smock*, 42 Ind. 1.

These are but few of the many cases holding void contracts to influence public officers in the discharge of their official duties, to thwart public interests, to speculate upon the enforcement of public rights, to vest in the individual present interests which interfere with the fu-

ture public welfare, combinations by which individuals secure unequal advantages over other individuals through the administration of public affairs, those agreements which stifle competitive bidding and many others of like character.

If the case before us falls within the class or classes mentioned, the lower court should have sustained the appellant's demurrer to the paragraphs of complaint so pleading said agreement.

None of the cases cited, unless it be that of *Maguire* v. *Smock, supra,* can be said to involve a question analogous to that here presented.

In that case notes were executed to represent the price given to induce two remonstrants against a street improvement to withdraw their opposition and become petitioners for the improvement. It was held that the notes were not enforceable, for the reason that the sum which induced the withdrawal of opposition to, and the support of, the measure, gave an unjust and unequal advantage over those who received no sum to aid them in the payment of their assessments for such improvements, and that it was a combination by which the few were enabled to invoke the power of the law against the many, upon the promise of a reward. This was held to be a fraud and against public policy.

In *Richmond* v. *Dubuque, etc., R. R. Co.,* 26 Iowa, 191, it is said that "the power of courts to declare a contract void for being in contravention of sound public policy, is a very delicate and undefined power, and, like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt."

This rule is quoted with approval in *State* v. *Johnson, supra,* and is certainly correct in principle.

The case before us not only involves doubt of the application of the rule urged, but appeals strongly in be-

half of the appellees, to our sense of justice. Public interests have not been defeated, official integrity has not been imperiled, the assent of the appellees' grantor to the petition was not for speculative purposes, and did not tend to work injustice or inequality amongst others; the change, with the right of way conceded, was a detriment to the owner of appellees' land, since it took from that land a public highway over which ingress and egress were furnished to and from the south and the west, and it was hemmed in, without any outlet, except the private way so agreed by appellant to be supplied. In effect, the agreement gave the appellees' grantor no new right; on the contrary, having held a public easement across appellant's land, it was agreed that this right should be reduced to a mere private easement. In this there could have been no fraud and no undue advantage. The only possible sufferer by the change was the owner of the inside lands.

After supplying the way, pursuant to said agreement, for more than ten years, it would certainly appear that, even if the agreement had been void as against public policy, the courts should be slow to extend their aid to the appellant to renounce that agreement so acted upon by him and so relied upon by the appellees with the assurance of so many years of the use of said way under said contract. We conclude that the paragraphs were not defective for the reasons stated.

There are other questions in the case which may not again arise, and we pass to the last, and to our minds, a vital question. The complaint, in all of its paragraphs, claimed the ownership of an easement, alleged an adverse claim by the appellant constituting a cloud upon the appellees' title, and prayed a decree quieting such title. The decree rendered expressly finds for the appellees upon said claim of title, and expressly adjudges that

said claim be forever quieted against the appellant. At the proper time and upon the filing of a proper undertaking, the appellant moved for a new trial as of right, which motion the court overruled, for the reason, we are advised by the briefs of counsel, that in an action to quiet title to an easement there is no new trial as a matter of right.

This exact question has been decided adversely to the ruling of the circuit court in *McAllister* v. *Henderson*, 134 Ind. 453, and cases there cited.

It was the duty of the lower court, therefore, to have granted said motion, and for this error the judgment is reversed.

