## HIPES *v.* DOHERTY.

[No. 21,899. Filed October 25, 1911.]

1. QUIETING TITLE.—*New Trial as of Right.*—A new trial as a matter of right is demandable in suits to quiet title, where a proper application is made, and bond filed therefor. p. 381.
2. EASEMENTS.—*Quieting Title.—New Trial.—Action.*—A suit lies to quiet title to an easement; and a new trial as of right is demandable in such cases. p. 381.
3. QUIETING TITLE.—*Injunction.—New Trial as of Right.*—In a suit to quiet title, a new trial as of right is demandable, though the complaint also demands injunctive relief, such relief being regarded as merely incidental. p. 381.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Suit by Arthur B. Doherty against Samuel Hipes. From a decree for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Reversed.*

*A. R. Long* and *Grant A. Dentler,* for appellant.

*J. F. Charles, H. B. Shively* and *F. O. Switzer,* for appellee.

JORDAN, C. J.—Appellee, as plaintiff below, instituted this suit by a complaint in one paragraph to quiet his title to a certain easement, namely, a private roadway located over and upon certain lands belonging to appellant, situated in Wabash county, Indiana. The relief demanded by the complaint was that plaintiff's title to the roadway and easement be quieted in him, that defendant be enjoined from obstructing said roadway, that he be ordered to remove the obstructions that he had placed upon said roadway, and asking for all other and proper relief. The defendant answered in two paragraphs. The first was a general denial, and the second set up affirmative matter. Defendant also filed a cross-complaint, whereby he sought to have his title quieted as against that claimed by plaintiff. Plaintiff replied to the answer, and also filed an answer to the cross-complaint. Upon these pleadings the issue was joined between the parties, and the cause was submitted to the court, with the request that a special finding of facts be made and conclusions of law stated thereon. The trial court made a special finding of facts and stated conclusions of law thereon in favor of plaintiff. Over the exceptions of defendant to these conclusions the court entered a decree that plaintiff's title to the easement and roadway over the described lands of defendant be quieted in him and forever put at rest, and enjoined defendant from obstructing said roadway and from interfering with plaintiff's right to enjoy the free use thereof. After entering the decree, defendant petitioned for a new trial under the statute, as a matter of right, and tendered the proper undertaking, as required by law. This undertaking the court approved, but overruled the motion of defendant for a new trial as a matter of right. He has appealed, and two of the errors he has assigned, and upon which he relies for reversal, are that the court erred in its conclusions of law on the special finding, and in overruling his motion for a new trial as a matter of right.

The action of the trial court in denying appellant a new trial as of right, as provided by §1110 Burns 1908, §1064 R. S. 1881, cannot be sustained. The application appears to have been timely and properly made, and the bond was tendered and approved by the court, as required by the statute. This left the court without any discretion in the matter, and a new trial should have been granted. *Indiana, etc., R. Co.* v. *McBroom* (1885), 103 Ind. 310; *Tomlinson* v. *Tomlinson* (1904), 162 Ind. 530.

It has been held repeatedly, by the decisions of this court, that a suit may be maintained to quiet title to an easement in land. *Sanxay* v. *Hunger* (1873), 42 Ind. 44; *Davidson* v. *Nicholson* (1877), 59 Ind. 411; *Bisel* v. *Tucker* (1889), 121 Ind. 249; *McAllister* v. *Henderson* (1893), 134 Ind. 453; *Corns* v. *Clouser* (1894), 137 Ind. 201; *Woodward* v. *Mitchell* (1895), 140 Ind. 406.

It is also well settled that a new trial as of right exists in such suits. *McAllister* v. *Henderson, supra,* and authorities cited; *Corns* v. *Clouser, supra.*

Counsel for appellee seek to justify the action of the court in denying a new trial as of right, upon the ground that two causes of action were contained in the complaint, one to quiet title and the other for an injunction. In this contention counsel for appellee are mistaken. *Woodward* v. *Mitchell, supra; Sherrin* v: *Flinn* (1900), 155 Ind. 422.

The complaint set up but one cause of action, which is to quiet title. The demand for an injunction to prevent defendant from continuing to obstruct the roadway, thereby preventing plaintiff from passing thereover, was a matter of relief demanded incidental to the facts alleged in the complaint.

It follows that the court erred in overruling appellant's application for a new trial as of right, for which error the judgment must be reversed.

Judgment reversed and cause remanded, with instructions to the lower court to grant appellant a new trial as of right.