THE NATIONAL MILL SUPPLY COMPANY ET AL. *v.* STATE EX REL. MORTON.

[No. 26,658. Filed February 22, 1937.]

*Heaton, Shiffer & McClain,* for appellants.

*Arthur W. Parry,* for appellee.

HUGHES, J.—The appellee, plaintiff below, filed an action against the appellant, defendant below, in two paragraphs. The theory of both paragraphs is the same, the only difference being that the second paragraph of complaint sets out the acts complained of more specifically than the first. It is alleged in the complaint that on the 17th day of October, 1931, the Fort Wayne Morris Plan Company was a corporation duly incorporated under the laws of the State of Indiana, with its principal office and place of business in the city of Fort Wayne, Indiana; that on or about the 17th day of October, 1931, one A. C. Freistroffer, for full value received and in the regular course of business, executed and delivered to said Fort Wayne Morris Plan Company his promissory note of that date, agreeing to pay said company the sum of $3,500.00 twenty-four weeks after date, and, by the terms of said note, he agreed to deposit

with said company, as collateral security for the payment of said note in accordance with the terms thereof, thirty-one (31) shares of stock of defendant corporation represented by certain certificates; and further agreed by the terms of said note that for the purpose of enforcing the payment of said obligation the holder should have full power and authority to sign, sell, transfer, and deliver any and all of such collateral pledged and hypothecated to secure the note, or so much thereof as might be requisite; that such sale might be made wherever the holder should direct; that it might be public or private, with or without advertisement, and with or without notice to or demand on the makers or any of them, and that the holder of them might become the purchaser of any or all of said collateral at such sale.

It is further alleged that in order to obtain said loan from the said company said Freistroffer delivered to said company as collateral security for the payment of the debt represented by said note certain certificates of capital stock, and duly executed by the defendant corporation, appellant herein, certifying that the persons thereon named were the holders of shares of capital stock of said corporation as therein set forth; that at the time of the delivery of said certificates of stock, one bore the name of A. C. Freistroffer and the rest bore on the back thereof a printed assignment in blank executed by said L. F. Lehman, the person named as owner of such shares in the body of the certificates; that said company accepted said certificates as collateral executed under the terms of said note, and continued to hold the same until the 13th day of June, 1932; that the said Freistroffer did not pay said promissory note on the date represented by said note at the time when the same became due and payable in accordance with the terms thereof; that later the said Freistroffer made three payments on said note amounting to something

near $650.00; that no other payments were made on said note, and on the 13th day of June, 1932, there was due and owing on said note $3,004.42; that on said date the company, in accordance with the terms of said note, in order to force the payment or obligation remaining due, offered said shares of stock for sale at private sale, and the said Fort Wayne Morris Plan Company purchased the said certificates at and for the price of $1,740.00, and credited the note with said amount, and directed that said shares be held for its benefit by its trustee, Harry A. Perfect, as such trustee; that said Harry A. Perfect accepted said certificates, and continued to hold the same until the first day of October, 1934, when the relator, W. E. Morton, succeeded the said Harry A. Perfect as trustee for the Fort Wayne Morris Plan Company; that on the 8th day of October, 1934, the said William E. Morton, as trustee, tendered said certificates of stock to the defendants, appellants here, at the principal office and place of business of the defendant corporation in the city of Fort Wayne, Indiana, and then and there demanded of the defendants that they transfer said shares of stock represented by said certificates on the books of the corporation into the name of the relator, W. E. Morton, trustee, and in lieu of said certificates issue new certificates to W. E. Morton, trustee, for said shares of stock represented by said certificates; that the defendants failed and refused to transfer said shares on the books of the defendant corporation, or to issue new shares to the relator in the replacement thereof.

The plaintiff, appellee here, asked that the defendants be required to transfer said certificates of stock, and each and all of the shares of stock represented thereby on the books of the defendant corporation into the name of the relator, W. E. Morton, trustee, and that they be required to execute, issue, and deliver to the relator new certificates in the name of the relator for each and

all of the shares of stock so transferred in place of said former certificates.

The appellants, defendants below, filed a demurrer to the second paragraph of complaint, which was overruled by the court. They refused to plead over, and were defaulted on the second paragraph for failure to plead.

The cause was submitted to trial on the first paragraph of complaint, and an answer of general denial thereto. Evidence was heard, and, at the conclusion of plaintiff's case in chief, the defendants moved the court for judgment in their favor on the first paragraph of complaint, and filed written motion therefor. The plaintiff joined in the motion for judgment. The court overruled the defendants' motion for judgment in its favor, and found for the plaintiff against the defendants, and ordered that the certificates be transferred to the plaintiff, and that new certificates be issued to the plaintiff.

The defendants filed a motion for a new trial on the grounds: First, that the decision of the court is not sustained by sufficient evidence; second, that the decision of the court is contrary to law; third, that the court erred in overruling the motion of the defendants for judgment upon the evidence at the close of plaintiff's case in chief; fourth, that the court erred in sustaining the motion of the plaintiff for judgment in their favor. Other reasons were assigned for a new trial, but are not urged by the appellants at this time.

The only error assigned and discussed in appellants' brief is as follows:

"The court erred in overruling the appellants' joint and several demurrer to the second paragraph of the complaint."

The collateral note contained the following power of sale:

"For the purpose of enforcing the payment of this obligation, the holder shall have full power and authority to sell, assign, collect, compromise,

transfer, and deliver any and all collateral pledged or hypothecated to secure this note, whether original or additional, or so much thereof as may be requisite. Such sale may be made wherever the holder may direct, and may be public or private, with or without advertisement, and with or without notice to or demand on the makers, or any of them, and the holder may become the purchaser of any or all of said collateral at any such sale."

Under propositions, points, and authorities, and the argument of appellants, they contend that the power of sale contained in the collateral note is absolutely void as against public policy, and that "The voidness of the power is a good defense for any person against whom title derived through the power is asserted, for a plaintiff must recover on the strength of his own case." They contend that it is the combination of powers contained in the collateral note to sell (1) to the pledgee himself at his own sale; (2) without advertisement or notice; and (3) without restriction as to price, which is absolutely void as against public policy. It is stated by appellants in their brief that "no separable provision of the contract is void; only the combination of elements is contrary to public policy."

It is to be noted and kept in mind that the one who gave the collateral note with the power of sale is not the complaining party; as far as the record shows he is satisfied with the sale made by The Fort Wayne Morris Plan Company, and has made no objections whatever to the sale. The ones who are complaining and objecting are third parties who have no interest whatever in the note, and, as far as the record shows, could sustain no injury in the sale regardless of the terms of the sale. There is no charge of bad faith or fraud upon the part of the pledgee in connection with the sale, and no claim or charge that the price for which the sale was made is inadequate. The appellants rely solely upon the

proposition that the power of sale is against public policy, and absolutely void.

It has been said that:

". . . the power of courts to declare a contract void for being in contravention of sound public policy, is a very delicate and undefined power, and, like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt." *Corns* v. *Clouser et al.* (1894), 137 Ind. 201, 204, 36 N. E. 848; *Richmond* v. *Dubuque, etc., R. R. Co.* (1868), 26 Iowa 191.

The law favors the right of parties to freely contract, and before this right is denied on the grounds of public policy there must be a showing free from doubt that the contract is against public policy.

Is the contract or power of sale in the instant case against public policy and void? We think not. We have been unable to find any authority which holds that such a contract is void, and none is cited by the appellants. A sale under such a contract may be voidable if it be shown that the pledgee has not acted in good faith and has violated the terms of the pledge to the damage of the pledgor. If, however, the pledgee in all respects has acted in good faith with reference to the pledge and pledgor, and has caused no damage to him, then it cannot be said that the contract is even voidable, and certainly not to one who is a stranger to the contract and has no interest therein. We think it cannot be sustained that the power of sale is void, and, therefore, the sale would not be void and could only be attacked for fraud or lack of fairness causing damage to the pledgor, and he would be the only party to complain. If he chooses to consent to the sale, a party who is a stranger and has no interest in the transaction is in no position to complain, notwithstanding the sale might be unfair to the pledgor. The pledgee in exercising the power of sale must exercise it under a trust for

the pledgor's benefit as well as his own. The sale must be fair and free from fraud. If not, then the pledgor has the right to have the sale set aside. *Foote* v. *Utah Commercial & Savings Bank* (1898), 17 Utah 283, 54 Pac. 104. As said in the foregoing case, *supra* (p. 294):

> "The pledge, under whom such an authority to sell is vested, must exercise it under a trust for the debtor's benefit as well as his own."

We think the rights of a pledgor and pledgee are well-stated in the case of *Montague* v. *Dawes* (1867), 96 Mass. (14 Allen) 369, and quoted with approval in the case of *Foote* v. *Utah Bank, supra,* and also in the case of *Dibert* v. *Wernicke* (1914), 214 Fed. 673, 681, as follows:

> " 'One who undertakes to execute a power of sale is bound to the observance of good faith, and a suitable regard for the interests of his principal. He cannot shelter himself under a bare literal compliance with the conditions imposed by the terms of the power. He must use a reasonable degree of effort and diligence to secure and protect the interests of the party who intrusts him with the power. . . . When a party who is intrusted with a power to sell attempts also to become the purchaser, he will be held to the strictest good faith, and the utmost diligence for the protection of the rights of his principal. If he fail in either, he ought not to be permitted thereby to acquire any irrevocable rights which he can set up against the party whose interests he has sacrificed.' "

In the case of *Eppert* v. *Lowish* (1930), 91 Ind. App. 231, 236, 168 N. E. 616, 169 N. E. 884, it is said:

> "One who holds property as pledgee to secure the payment of a note holds the same as trustee for the pledgor, and his rights as to any sale or purchase of the pledged property are limited by the contract; and toward the pledgor he owes the utmost good faith."

The court quoted with approval the following excerpt from the case of *Laclede Nat. Bank* v. *Richardson*

(1900), 156 Mo. 270, 56 S. W. 1117, in *Eppert* v. *Lowish, supra,* page 236:

" 'It devolves upon the pledgee in the exercise of the powers given under the pledge to so conduct the sale as not to sacrifice the securities held by him, and in the event the pledgee unfairly or unnecessarily prejudices the rights of the pledgor, the sale will be set aside.' "

In the instant case, we fail to find any authority to sustain the contention of the appellants, and we do not think the reasons advanced by the appellants are sufficiently sound to justify this court to adopt a rule of law that seems clearly to us to be unsound. As the judgment must be affirmed on the merits of the case, we conclude that it is not necessary for us to pass upon other questions presented by the appellee.

Judgment affirmed.