HATFIELD ET AL *v.* SCHLOSS BROTHERS INVESTMENT COMPANY.

[No. 15,437. Filed May 24, 1937.]

*Harry D. Hatfield,* for appellants.

*Jackiel W. Joseph* and *Theodore R. Dann,* for appellee.

WOOD, J.—The appellee brought suit against the appellants by a complaint in one paragraph in the usual form for the collection of a promissory note, which note contained provisions for the deposit of collateral as security for its payment, with further provisions that upon the failure of the makers of the note to pay same at maturity, the payee should have the right to sell, collect or otherwise convert all collateral pledged to secure the note, such sale to be made at public or private sale, at the discretion of the holder of the note without advertising the same, without giving any public notice to the makers of the note. The note and the collateral deposited as security for its payment were made exhibits to the complaint.

To this complaint the appellanats filed an answer in two paragraphs, the first was a general denial, the second upon the theory that the note sued upon was a "cognovit note" and therefore void under the provisions of Sec. 2-2906 Burns 1933, Sec. 401 Baldwin's Ind. St. 1934.

The appellee demurred to said second paragraph of answer for insufficiency of facts to state a cause of defense to appellee's complaint, the memoranda in support of said demurrer alleging in substance: that said paragraph of answer stated no facts; that it stated conclusions of both fact and law based upon what was supposed to be contained in the note sued upon; that it was an attempt to demur to the complaint by way of answer. This demurrer was sustained.

On the issues as formed the cause was tried to the court without a jury, resulting in a general finding and judgment in favor of appellee. Within due time the appellants filed a separate and several motion for a new trial which was overruled, and appellants appeal. The errors properly assigned for reversal are the sustaining of appellee's demurrer to appellants' second paragraph of answer and the overruling of appellant's motion for a new trial.

The right to pledge or pawn goods as security for the payment of a debt was recognized at common law and is not dependent upon statutory enactment. It is essentially a contract relation. *National, etc., Co.* v. *Morton* (1937), 211 Ind. 243, 6 N. E. (2d) 543; 49 C. J., secs. 13, 14 and 15, p. 900; 4 Elliott on Contracts, sec. 3030, p. 273. The note in suit in the instant case was nothing more than a promissory note for the payment of money with conditions added which provided for the deposit of certain collateral as security for its payment and outlining the procedure to be followed in disposing of the collateral and the application of the proceeds derived from the sale thereof, in the event it became necessary for the payee of the note to resort to the collateral security for payment of the debt. It does not contain any terms and conditions which are prohibited by sec. 2-2904 Burns 1933, sec. 399 Baldwin's Ind. St. 1934, and the inclusion of which in the execution of any negotiable instrument render it void, neither does it come within the definition of a "cognovit note" as defined by sec. 2-2906 Burns 1933, sec. 401 Baldwin's Ind. St. 1934. The demurrer was properly sustained.

The consideration of appellants' assignment of error predicated upon the overruling of their motion for a new trial for causes alleged therein, is waived, because of their failure insofar as their brief relates to said assignment of error as grounds

for reversal to comply with paragraph 6 of rule 21 of this court which reads as follows: "Sixth. The briefs shall contain under the heading 'Propositions and Authorities' a copy of each assigned error relied on stating its number as designated in the original assignment of error, and in case the error assigned is the overruling of the motion for a new trial, then the cause relied upon numbered as in the motion. Each of the foregoing assignments shall be separately considered by separately numbered propositions concisely stated without argument, supported by separately numbered or lettered points and authorities. Assigned errors not treated as herein directed shall be deemed as waived."

Finding no reversible error, the judgment is affirmed.