AMERICAN UNDERWRITERS, INC. v. ERNEST RAYMOND TURPIN ET AL.

[No. 1269A248. Filed October 7, 1971. Rehearing denied November 8, 1971. Transfer denied October 17, 1972.]

*W. T. Robinette, Bulen and Castor,* of Indianapolis, for appellant.

*Gil I. Berry, Jr.,* of Indianapolis, for appellee.

STATON, J.—This is an appeal from a Declaratory Judgment rendered in the Marion County Superior Court, Room No. 3. The judgment of the trial court was that an exclusionary clause contained in the "Operator's Only" insurance policy of the appellee-defendant, Ernest Raymond Turpin, is void against public policy. The insurance contract was issued to the appellee-defendant, Ernest Raymond Turpin, as required by the Motor Vehicle Responsibility Laws on April 5, 1965 by the American Underwriters, Inc., appellant-plaintiff, who will hereinafter be referred to as the insurance company. Ernest Raymond Turpin, appellee-defendant, who will hereinafter be referred to as the insured, was driving his automobile on a public highway and collided with a Honda motorcycle being driven by appellee-defendant, Robert G. Boyce. Ronald Lee Boyce, also an appellee-defendant, was a passenger on the motorcycle. These two appellee-defendants who were on the motorcycle will hereinafter be referred to as the injured parties.

The injured parties brought suit against the insured for their injuries and damages resulting from the collision. The

insured then requested that the insurance company defend the suit under the "Duty to Defend" provision of the insurance contract. The insurance company refused. It contended that the insured was operating an automobile owned by him when he was involved in the accident; therefore, under the policy's exclusionary clause, it owes no duty to the insured to defend the lawsuit. The language of the insurance contract which contains the exclusionary clause is as follows:

"1. If the license to be issued in consideration of the filing of said Certificate [Form SR-22] by the Division to the person who is the named insured in said policy;
*   *   *
(b) is an 'Operator's License,' it is understood and agreed that such insurance as is afforded under the terms and conditions of said policy for liability or death of any person other than such insured or for liability for damage to property, applies to the named insured with respect to his operation or use of any automobile of which the insured is personally in control as driver or occupant, *subject to the following provisions*:

1. That such use is with the permission of any person having the right to grant such permission;

2. *That such automobile is not owned in whole or part by or registered in the name of the named insured. . . ."*
(Emphasis ours).

The insurance company sought a Declaratory Judgment from the trial court which would clarify its duties under the contract. The corrected Judgment of the trial court was entered on August 11, 1969, which, omitting the caption and formal parts thereof, is as follows:

"1. The court having read the petition and the written transcribed transcript find that the Entry dated July 17, 1969, should be corrected and the complete order should read as follows:

Comes now the Plaintiff, by counsel, Charles G. Castor, and the Defendants, Robert G. Boyce and Ronald Lee Boyce, by their counsel, Gil I. Berry, Jr., and Defendant, Ernest Raymond Turpin, by his counsel, Francis C. Dale, Jr., and the matter having been submitted on Plaintiff's Complaint

for Declaratory Judgment on February 27, 1968, and continued to March 19, 1968.

AND THE COURT having heard evidence on Plaintiff's said Complaint by way of testimony and documentation, and being duly advised in the premises now makes the following findings:

'A. That the plaintiff issued a policy of insurance to Defendant, Ernest Raymond Turpin, on April 5, 1965, which policy being Exhibit 'A' of Plaintiff's Complaint:

'B. That Defendant, Ernest Raymond Turpin, was operating a certain 1956 two-door Oldsmobile, being Indiana 1965 License No. 47A6392 and Engine No. 685576 on June 20, 1965 while said Defendant was involved in an accident with a 1965 Honda motorcycle driven by Defendant, Robert G. Boyce, and upon which said motorcycle Defendant, Ronald Lee Boyce, was a passenger.

'C. That the Defendant, Ernest Raymond Turpin was the owner of a certain 1956 two-door Oldsmobile, . . . on June 20, 1965 while said Defendant was involved in an accident with a 1965 Honda motorcycle driven by Defendant, Robert G. Boyce, and upon which said motorcycle Defendant, Ronald Lee Boyce, was a passenger;

'D. That there was an endorsement attached to said policy of insurance . . . said endorsement commonly referred to as an 'Operator's Only' endorsement which purported to be applicable only to the operation, by said Defendant, Ernest Raymond Turpin, of vehicles which were not owned, in whole or in part by said Defendant.

'E. That said 'Operator's Only' endorsement attached to and a part of said Exhibit 'A' is contrary to public policy, of no legal effect and therefore void;

'F. That the Defendant, Ernest Raymond Turpin, is an insured according to the terms of said policy, and Plaintiff has a duty to defend said Ernest Raymond Turpin in the lawsuits now pending by Defendants, Robert G. Boyce and Ronald Lee Boyce, under Cause Nos. S267-144 and S267-146.

ALL OF WHICH IS HEREBY ORDERED, ADJUDGED AND DECREED by Court this 11th day of Aug. 1969.' "

The single question to be decided is whether an "Operator's Only" endorsement is contrary to public policy.

The statutory provision which is primarily concerned with the question before us is IC 1971, 9-2-1-5, Ind. Ann. Stat., § 47-1048 (Burns 1965), and more particularly clause (c) which reads as follows:

". . . Provided, however, that the liability of the insurance carrier under a motor vehicle liability policy which is furnished for proof of financial responsibility in the future, as set out in this act, shall become absolute whenever loss or damage covered by such policy occurs, . . ."

The insurance company's contention is that these words used in the statute: "shall become absolute whenever loss or damage covered by such policy occurs, . . . " indicates that the legislature intended that an insurance company would not be absolutely bound and could limit their coverage under an issued insurance contract.

The insured's contention is that the legislative intent embodied in this statute is that: "The insurance liability is absolute to the carrier under the statute, . . . regardless of the words 'Operator's Only' or 'Owner's Only.' "

It is only in those cases that are substantially free from doubt that this court should exercise its power to declare a contract void for being in contravention of public policy.

In *Corns* v. *Clouser* (1894), 137 Ind. 201, 204, 36 N. E. 848, our Supreme Court quoted with approval the following language found in *Richmond* v. *Dubuque R. R. Co.* (1868), 26 Iowa 191, 202: ". . . the power of courts to declare a contract void for being in contravention of sound public policy is a very delicate and undefined power, and, like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt."

In the present case, it is the opinion of this court that the legislature did intend to permit an exclusionary clause such

as the one here under consideration. The "Operator's Only" endorsement is not contrary to public policy.

We take judicial notice[1] of the Legislative Journals of the House, 1947, page 510, for the purpose of determining the intent of this particular statute, which reads as follows:

"Mr. Speaker: Your Committee on Ways and Means, to which was referred House Bill No. 317, has had the same under consideration and begs to report the same back to the House with the recommendation that said bill be amended as follows:

By striking out the following words in section (c), lines 43, 44, 45 and 46: 'That if a motor vehicle liability policy is furnished for such proof of financial responsibility in the future such policy *shall be one of absolute coverage without any exclusions.*' And substituting in lieu thereof the following words: 'That the liability of the insurance carrier under a motor vehicle liability policy which is furnished for proof of financial responsibility in the future as set out in this act shall become absolute whenever loss or damage covered by such policy occurs, . . .'" (Emphasis ours).

The section quoted above still survives its original form in clause (c) of IC 1971, 9-2-1-5, Ind. Ann. Stat., § 47-1048 (Burns 1965). The legislative intent evidenced by this amendment was to allow insurance companies the right to put exclusionary clauses in policies. The interpretation urged by the insured was rejected by the 1947 legislature.

The Declaratory Judgment of the trial court should be and the same hereby is reversed with instructions to grant the appellant-plaintiff's motion for new trial.

Hoffman, C.J., Sharp and White, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 761.

---

1. *Schulz v. Graham; Kercheval* (1955), 234 Ind. 243, 245, 126 N.E. 2d 1.