HATFIELD ET AL. *v.* SCHLOSS BROTHERS INVESTMENT CO.

[No. 15,491. Filed May 25, 1937.]

*Harry D. Hatfield,* for appellants.

*Theodore R. Dann* and *Jackiel W. Joseph,* for appellees.

CURTIS, J.—This was an action by the appellee against the appellants to recover upon a promissory note, a copy of which we set out as follows:

"SCHLOSS BROTHERS INVESTMENT COMPANY.

$535.92                Indianapolis, Indiana
                              Nov. 4, 1931

Fifty (50) weeks after date, for value received, we, the undersigned, jointly and severally promise to pay to the order of Schloss Bros. Investment Company, Pembroke Arcade, Indianapolis, Indiana, Five Hundred Thirty-five and 92/100 Dollars ($535.92) negotiable and payable at Indiana National Bank, Indianapolis, Indiana, with attorney's fees, value received, without any relief whatsoever from valuation or appraisement laws of the State of Indiana, with interest at the rate of eight per

cent (8%) per annum after maturity until paid. The drawers and endorsers severally waive presentment for payment, notice of protest and notice of nonpayment of this note.

"There has been deposited as collateral security, herefor installment investment certificate of said Schloss Bros. Investment Company No. 8068. In the event the makers fail to pay any installment due the holder on the investment certificate deposited herewith at the times provided therefor, or fail in the performance of any other obligation arising out of said Investment Certificate, then this obligation shall at the option of the holder, become immediately due and payable.

"Upon the maturity of this obligation, either by its terms or by acceleration because of any default of the makers, or at any time thereafter or before in the event of the security hereof shall be deemed by the holder to be insufficient, the holder or its assigns shall, without demand on the undersigned, have full power and authority to sell, collect or otherwise convert all collateral pledged to secure this note, and any such sale may be made at public or private sale at the discretion of the holder, without advertising the same or giving any public notice or notice to the undersigned, and the right of redemption is hereby waived. The holder may become the purchaser of any or all of such collateral at any such sale.

"If before this obligation is paid and the collateral deposited herewith released, the makers, or any of them, become liable to the holder on any other obligations, then the collateral herewith deposited, or the proceeds thereof, to the extent that are not required in paying this obligation, shall be held by the holder as collateral security and applied by it upon such other obligations of said makers, or any of them as the holder may elect.

"The holder may at its option require this obligation to be paid by any maker, surety, guarantor or endorser, and it shall not be compelled to resort first to the collateral deposited for the security of this obligation. Upon the payment of this obligation by any party or parties liable hereon, this note, together with the collateral held, if the same is not retained by the holder pursuant to the foregoing provisions hereof as security for other obligations,

shall be transferred without recourse against the holder to those paying this obligation.

"All signers hereto, in whatever capacity signing, hereby severally agree that additional makers, endorsers, guarantors or sureties may become parties hereto, either with or without notice to any other signers, and without affecting the liability of any signer hereon or hereunder, and each of the undersigned hereby waives presentment for payment, demand, protest and notice of protest for non-payment, and all defenses by reason of any extension of time of payment that may be given by the holders to the undersigned or any of them.

SIGNATURE

| | |
|---|---|
| Harry D. Hatfield | 808 New City Trust Bldg. |
| Charles Conner | 221 N. Richland Ave. |
| H. O. Francis | 4801 Madison Ave. |
| O. W. Ridgeway | 411 E. 16th St." |

The complaint was one in the usual form upon promissory notes and was answered in general denial. The appellants in their brief state that "By leave of court the defendants filed second paragraph of answer" to which the appellee filed a reply in general denial, but we are left to conjecture as to what the second paragraph of answer contained. The cause was submitted to the court for trial without the intervention of a jury, resulting in a finding and judgment in favor of the appellee. In proper time a separate and several motion for a new trial was filed and overruled with an exception and this appeal then prayed and perfected. The error assigned is the ruling on said motion. The causes stated in that motion are as follows:

"(1) The court erred in not sustaining defendants' written motion for findings and judgment for all defendants, which said motion was filed with the court in open court immediately at the close of all of plaintiff's evidence.

"(1½) That the court erred in admitting in evidence over defendants' objection plaintiff's exhibit A (the above note).

"(2) That the decision of the court is contrary to law.

"(3) That the decision of the court is not sustained by sufficient evidence."

Due to defective briefing the appellee insists that no questions are presented. There is much merit in this contention but we have concluded to give the appellant the benefit of any doubt and to pass upon the merits of the appeal.

The appellants' contentions center about the point they attempt to make that the note sued upon is a cognovit note and is void as against public policy. In this contention the appellants are in error. They especially complain of the power given in the note for the sale of the collateral. The Supreme Court recently in a somewhat similar case decided the law to be against the appellants' contention. We are in full accord with that decision. See: *National Mill Supply Co. et al.* v. *State ex rel. Morton* (1937), 211 Ind. 243, 6 N. E. (2d) 543, and the cases cited therein.

The appellants have made no showing that would take the instant case out of the rule announced in the above case.

Judgment affirmed.