## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Ruth Ann Johnson
Lisa M. Johnson
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cashmere Poole,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 9, 2017

Court of Appeals Case No.
49A02-1703-CR-569

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

Trial Court Cause No.
49G06-1610-F2-42523

**May, Judge.**

[1] Cashmere Poole was convicted, after a bench trial, of burglary as a Level 2 felony.[1] Poole asserts there was insufficient evidence that he intended to commit serious bodily injury[2] when he broke into the residence of his father, Ferry Poole. Contrary to Poole's argument, to prove Poole entered Ferry's residence with the intent to commit battery that would be a felony, the State needed to prove only that Poole entered with the intent to commit moderate bodily injury.[3] As the State met its burden, we affirm.

## Facts and Procedural History

[2] On October 25, 2016, Poole and his father, Ferry, spent much of the day drinking alcoholic beverages together. Then, around 10:00 p.m., while they sat in Poole's car outside Ferry's house, they began to argue. Ferry ran into his house, closed and locked the door, and called 911 for assistance because he was afraid that Poole would harm him. While Ferry was on the phone with 911,

---

[1] Ind. Code § 35-43-2-1 (2014).

[2] "Serious bodily injury" is defined as

> bodily injury that creates a substantial risk of death or that causes:
>    (1) serious permanent disfigurement;
>    (2) unconsciousness;
>    (3) extreme pain;
>    (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or
>    (5) loss of a fetus.

Ind. Code § 35-31.5-2-292 (2012).

[3] "Moderate bodily injury" is defined as "any impairment of physical condition that includes substantial pain." Ind. Code § 35-31.5-2-204.5 (2014).

Poole kicked in Ferry's door and battered Ferry until he was unconscious. The 911 operator recorded the sounds of Poole's entry, the battery, and the statements Poole was making during and after the incident. When police arrived, Poole was still in the house. Poole had blood on his shoe, and blood was splattered up the wall to the ceiling.

[3] Ferry was on the floor and unresponsive. Ferry's breathing was shallow, his head and face were covered in large amounts of blood, and "[h]is head was partially through the drywall." (Tr. Vol. II at 20.) At the hospital, doctors determined Ferry suffered multiple facial fractures and the cartilage around his thyroid was broken. Ferry sustained multiple lacerations that needed stitches, remained unconscious for nearly a day, and was hospitalized for five days.

[4] The State charged Poole with Level 2 felony burglary and Level 3 felony aggravated battery.[4] The court found Poole guilty of burglary and battery, merged the battery into the burglary, entered conviction on the burglary, and imposed a twenty-year sentence, with ten years suspended to probation.

## Discussion and Decision

[5] Poole challenges the sufficiency of the evidence supporting his conviction. Our standard of review for such allegations is well-settled:

---

[4] Ind. Code § 35-42-2-1.5 (2014).

When reviewing a claim of insufficient evidence, an appellate court considers only the evidence most favorable to the verdict and any reasonable inferences that may be drawn from that evidence. If a reasonable finder of fact could determine from the evidence that the defendant was guilty beyond a reasonable doubt, then we will uphold the verdict. We do not reweigh the evidence or judge the credibility of witnesses. These evaluations are for the trier of fact, not appellate courts. In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence presented.

*Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (internal citations and quotations omitted).

[6] The State charged Poole with Level 2 felony burglary. The statute defining burglary provides:

A person who breaks and enters the building or structure of another person, with intent to commit a felony or theft in it, commits burglary, a Level 5 felony. However, the offense is:

\* \* \* \* \*

(3) a Level 2 felony if it:

(A) is committed while armed with a deadly weapon; or

(B) results in serious bodily injury to any person other than a defendant . . . .

Ind. Code § 35-42-2-1 (2014). Poole acknowledges he broke and entered his Ferry's residence, and he acknowledges his breaking and entering resulted in

serious bodily injury to Ferry. The element he challenges is his "intent to commit a felony or theft in it." *Id.* Poole argues: "there is no evidence that he had the intent to inflict serious bodily injury" when he entered his father's house. (Br. of Appellant at 8.)

[7] However, the State did not have an obligation to prove Poole had an intent to inflict serious bodily injury. The charging information alleges Poole

> did break and enter the building or structure of Ferry Poole, to-wit: his residence; with the intent to commit the felony of Battery therein, to-wit: by striking at and against the person of Ferry Poole with his hands and/or feet; said act resulting in serious bodily injury to Ferry Poole, to-wit: a fractured nose and/or a fracture to the neck and/or loss of consciousness to Ferry Poole[.]

(Appellant's App. Vol. 2 at 14.) Pursuant to that charge, the State had to prove Poole entered Ferry's house "with the intent to commit the felony of Battery therein." (*Id.*)

[8] Battery, or the touching of "another person in a rude, insolent, or angry manner," is defined by our legislature as a Class B misdemeanor. Ind. Code § 35-42-2-1(c). The crime becomes a Class A misdemeanor if it "results in bodily injury to any other person[,]" Ind. Code § 35-42-2-1(d)(1), and it becomes a Level 6 felony if it "results in moderate bodily injury to any other person." Ind. Code § 35-42-2-1(e)(1). Thus, to prove Poole intended to commit felony battery, the State had to prove that Poole entered his father's house with the intent to inflict only "moderate bodily injury." (*See also* Tr. Vol. II at 56 (State's

closing argument explained felony battery required only an intent to commit "level six, the battery with moderate bodily injury").)

[9]     As our Indiana Supreme Court has noted: "Burglars rarely announce their intentions at the moment of entry." *Baker*, 968 N.E.2d at 229 (quoting *Gilliam v. State*, 508 N.E.2d 1270, 271 (Ind. 1987)). Therefore, we must be able to infer the burglar's intent to commit a specific felony from the circumstances surrounding the breaking and entering. *Id*. at 229-30. Circumstantial evidence alone is sufficient to permit an inference regarding a defendant's intent, *id*. at 230, but "there must be a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony." *Id*. Generally, "one may infer the intent at the time of entry from the fact of subsequent commission of a felony." *Mull v. State*, 770 N.E.2d 308, 313 (Ind. 2002).

[10]    Ferry was talking to Poole in Poole's car, which was parked in Ferry's driveway. Poole got angry, and Ferry became afraid that Poole would hurt him, so Ferry ran into his house, locked the door, and called 911. Ferry reported to 911 that his son, Poole, was outside and that he was afraid Poole would hurt him. William Jewel, who lived across the street from Ferry, heard arguing and then saw a figure banging on Ferry's front door with hands. Poole's yelling and banging on the front door were captured in the 911 recording. As the yelling escalated, Jewel saw the figure kick Ferry's front door until the door jamb shattered and the door opened. When Poole entered the house, Ferry dropped the phone without hanging up from the 911 operator,

who continued recording the events that unfolded until after the police arrived on the scene.

[11] As soon as he entered, Poole began punching and kicking his father until Ferry was unconscious. The entire time, Poole was screaming obscenities at Ferry. When police arrived, Ferry's head was partially through the drywall, which had a head-sized bloody dent in it, and the electrical outlet next to Ferry's head had been hit with such force that the cover had been knocked off. Poole's right shoe had drywall dust and blood on the toe and on the side of the foot, and blood had been splattered up the wall all the way to the ceiling. Ferry had multiple lacerations that needed stitches, his face was fractured multiple times, and the cartilage around his thyroid was broken. Ferry did not regain consciousness until the next day, and he was required to spend five days in the hospital as a result of his injuries.

[12] In light of the severity of the damage Poole did to Ferry immediately upon entering the residence and while screaming obscenities at Ferry, the only reasonable inference is that Poole entered the residence intending to cause Ferry, at the very least, "any impairment of physical condition that includes substantial pain." Ind. Code § 35-31.5-2-204.5 (defining moderate bodily injury). Accordingly, the evidence supported the trial court's conclusion Poole broke and entered Ferry's residence with the intent to commit felony battery. *See* Ind. Code § 35-43-2-1 (2014) (defining felony battery). Poole does not challenge that he inflicted serious bodily injury on Ferry, and we therefore affirm his conviction of Level 2 felony burglary. *See*, *e.g.*, *Murray v. State*, 761

N.E.2d 406, 409 (Ind. 2002) (despite defendant's testimony that he intended only to "fight" the victim and other testimony that the intruders intended only to "talk" to the victim, the fact-finder was entitled to infer defendant had intent to commit felony battery when, after entering house, defendant struck victim's head with a baseball bat).

[13] Affirmed.

Brown, J., concurs. Pyle, J., concurs in result without separate opinion.